**Julie Ann (Pittman) WILSON, Appellant–Petitioner,**

v.

**Mark Daryl PITTMAN, Appellee–Respondent.**

**No. 84A01–8908–CV–292.**

Court of Appeals of Indiana, First District.

Sept. 12, 1990.

STATON, J., concurs.

ROBERTSON, J., dissents without opinion.

Mark A. Foster, Evansville, for appellant-petitioner.

Robert E. Zoss, Sr., Zoss, D'Amour, Krohn & Collins, P.C., Evansville, for appellee-respondent.

## OPINION ON REHEARING

RATLIFF, Chief Judge.

In our original decision in this case handed down on June 18, 1990, two of the three judges on the panel held that the trial court's allocation of income tax exemptions for the children of the parties was error. We based that holding on our decision in *In re Marriage of Davidson* (1989), Ind.App., 540 N.E.2d 641. Since the decision in this case was handed down, we revisited the income tax exemption question in *Ritchey v. Ritchey* (1990), Ind.App., 556 N.E.2d 1376. There, while upholding the right of the trial court in the exercise of its equitable jurisdiction to order the custodial parent, in a proper case, to execute a waiver of the right to claim income tax exemption for children, or to adjust the support order if the custodial spouse refuses to execute such a waiver, we clearly held the trial court may not allocate the income tax exemptions.

Because two judges agreed that the trial court's attempted allocation of the tax exemption was improper, we effectively reversed the judgment on that point. Our decision in *Ritchey* confirms the correctness of that view. Thus, it is clear, based upon both *Davidson* and *Ritchey* that trial courts lack the power to allocate income tax exemptions. In order to clarify our decision in this case, we grant rehearing and hold that the trial court's order of allocation is erroneous and that portion of the judgment is reversed. The remainder of the judgment is affirmed.