**In re the PATERNITY OF Victoria Joanne THOMPSON, a minor.**

**No. 73A05–9112–JV–396.**

Court of Appeals of Indiana, Fifth District.

Dec. 23, 1992.

Rehearing Denied Jan. 27, 1993.

---

C. Richard Marshall, Columbus, Robert Adams, Adams & Cramer, Shelbyville, for appellant.

G. Terrence Coriden, Lawson, Pushor, Mote & Coriden, Columbus, Mark McNeely, McNeely, Sanders, Stephenson & Thopy, Shelbyville, for appellee.

RUCKER, Judge.

Barbara J. Thompson (Mother) filed suit against Frederick H. Porter (Father) seeking to establish paternity of the parties' minor child, Victoria. After Father admitted paternity, the matter proceeded to trial on the issues of support and visitation. The trial court entered an order directing Father to pay $275.00 per week in child support and directing Mother to execute a waiver of her right to claim Federal and State tax exemptions for the minor child. Mother appealed and Father cross-appealed. Both parties raise the issue of whether the trial court erred in the amount of support awarded. Mother also contends the trial court erred in ordering her to execute the waiver.

Finding no error, we affirm.

The facts most favorable to the judgment reveal Mother is an elementary school

teacher earning an annual gross salary of approximately $32,740.00. Father is a licensed physician whose income in 1990 totaled $315,662.00. The record also shows the parties' relationship lasted approximately four years. During that time Mother benefitted from Father's income and lifestyle. For example, Father generously provided expensive gifts to Mother and the parties enjoyed several vacations together.

When Mother became pregnant she filed a paternity action against Father. After the child was born and blood tests revealed the identity of the child's biological father, Father admitted paternity and agreed Mother should serve as the custodial parent. The case then proceeded to hearing May 29, 1991, on the issues of support and visitation after which the trial court *sua sponte* entered extensive findings of fact and conclusions of law in support of its judgment. Among other things, the trial court set forth a detailed visitation schedule, ordered Father to pay $275.00 per week in child support, awarded Father the Federal and State tax exemptions for the minor child and ordered Mother to execute the necessary documents. This appeal ensued in due course.

When the trial court makes findings of fact upon its own motion, we treat the judgment on which the findings are made as a general judgment. We may not reverse the trial court's findings unless they are clearly erroneous and the judgment on which the findings are based will be affirmed if it can be sustained upon any legal theory supported by the evidence introduced at trial. *In re Marriage of Snemis* (1991), Ind.App., 575 N.E.2d 650.

## I.

Both parties to this action argue the trial court erred in computing the amount of Father's income for purposes of determining the proper amount of child support.

Mother contends that Father's income is considerably higher than the amount determined by the trial court. According to Mother, the trial court excluded substantial items of Father's income and financial resources including Father's retirement plan and annual contributions to that plan. Father counters that his income is actually lower than the trial court determined because he is making property settlement payments to a former wife and those payments, in the amount of $576.00 per week, should have been deducted from his weekly gross income.

Weekly gross income, for the purposes of calculating child support, includes income from any source minus certain enumerated exclusions. Ind. Child Support Guideline 3(A)(1). Where, as here, a parent is self-employed, weekly gross income is defined as gross receipts minus ordinary and necessary expenses. Child.Supp. G.3(A)(2). Further, the Guidelines direct "careful review" when calculating weekly gross income for the self-employed.

Determining weekly gross income for a self-employed parent presents a unique challenge for a trial court. Characteristically, the court is called upon to review income tax returns, profit and loss statements, balance sheets, volumes of other financial data and to weigh conflicting testimony from the parties' expert witnesses. In this case, the trial court was presented with just such a challenge. For example, Mother introduced into evidence Father's 1990 Federal tax return showing income for that year in the amount of $315,662.00. Father countered with evidence from Richard Schultz, a certified public accountant, who testified Father's income for 1990 actually totalled $205,324.00. Mother also introduced into evidence a support guidelines worksheet which represented Father's annual income as $398,162.96.[1] Father also introduced into evidence his Federal tax

---

1. The worksheet actually set forth Father's average weekly adjusted income in the amount of $7,656.98. Our calculations reveal the annual income. ($7,656.98 × 52 = $398,162:96). We note that based on Mother's own evidence, Father's support obligation under the guidelines is $369.33.

returns for the years 1987, 1988, and 1989 showing annual income of $204,751.00, $175,357.00, and $232,633.00 respectively.

▮ In advancing their positions that the trial court erred in its determination of Father's gross income, both parties engage in a rather exhaustive review of the facts and figures introduced into evidence at the hearing. We decline to join the parties in that effort. On review we do not reweigh the evidence nor judge witness credibility. *Matter of Paternity of R.B.T.* (1990), Ind. App., 550 N.E.2d 769. The trial court determined that Father's gross income for child support purposes equalled $315,-662.00. We find no error here because the amount is supported by evidence of record.

Both parties also complain that the $275.00 per week the trial court awarded as child support is contrary to law and represents an abuse of discretion. Mother argues the amount is too low and not consistent with Father's financial resources or the standard of living Victoria would have enjoyed had the parties been married and remained married to each other. Father responds the amount is too high and concludes he is thus paying support to benefit Mother's son from a previous marriage.

▮ We first note the Child Support Guidelines are applicable to paternity cases, Child Supp.G. 2; *R.B.T., supra*, at 769, and create a rebuttable presumption that the amount of child support which results from their application is the correct amount to be awarded. Child Supp.G. 2; *Talarico v. Smithson* (1991), Ind.App., 579 N.E.2d 671. However, the trial court shall deviate from the presumptive child support award when it concludes "that the amount of the award reached through application of the guidelines would be unjust." Child Supp.G. 3(F). We will reverse the trial court's support award only if it is clearly erroneous, that is, the record contains no facts or inferences to sustain the judgment. *Matter of Paternity of Humphrey* (1991), Ind., 583 N.E.2d 133.

In the case before us the amount of Father's presumptive child support obli-gation reached through application of the guidelines is $369.00 per week. The trial court deviated from the guidelines and set forth its rationale as follows:

20. The Court finds that the presumptive child support should be reduced to $275.00 per week because the presumptive amount is substantially more than is necessary to support Victoria in the fashion that Victoria would have enjoyed had the parties married. The court finds no reason to create a windfall for the Petitioner and her son. The Court finds that $275.00 per week is more than adequate to provide for Victoria's needs and wants.

*Record* at 177. Father's argument that he is paying child support for a child not his own lacks merit. Nothing in the record before us demonstrates the presumptive award of child support would have represented excessive payment to Mother for her son by a previous marriage. Obviously, a lesser amount of child support could not represent excessive payment.

▮ Mother's argument, although not without merit, is equally unpersuasive. In her Brief of Appellant, Mother does not explain how or why $275.00 per week is inadequate to provide for her infant daughter's wants and needs. Rather, Mother takes the position that Father's two sons from a previous marriage and for whom Father is paying child support, enjoy a very lavish lifestyle at Father's expense. Mother argues that if the parties had married and remained married, Victoria would have enjoyed a similar lifestyle and therefore the support award should reflect a living standard consistent with Father's income.

▮ Mother is correct in asserting that one of the factors the trial court must consider in determining the amount of child support in paternity actions is the standard of living the child would have enjoyed had the parents married and remained married to each other. Ind.Code § 31–6–6.1–13; *R.B.T., supra*. Here, in making that determination the trial court apparently looked

to evidence concerning Father's support payments to two other children for guidance.

The record reveals Father pays Three hundred and Seventy five Dollars ($375.00) per week in child support for his two teenage sons along with an additional Sixty Dollars ($60.00) per week for clothing and sports equipment. These amounts were based upon Father's 1986 income exceeding $200,000.00 per year and his wife's income equalling approximately $18,000.00 per year. The dissolution court also observed "that since birth the boys have wanted for naught; that they have enjoyed substantial expenditures in connection with clothing, sports equipment, club memberships, sports camps and lessons, and vacations. They have lived in a prestigious neighborhood and home." *Record* at 447.

In essence, the amount of support Father is now ordered to pay on behalf of thirteen-month-old Victoria is comparable to the amount of support Father is required to pay on behalf of his teenage sons. The fact that Father has showered gifts and other luxuries on his sons is no guarantee he will continue to do so. Such generosity is commendable but not required.

The record here is consistent with the view that Two Hundred and Seventy Five Dollars ($275.00) is sufficient to support the infant child, Victoria, in the fashion she would have enjoyed had the parties married. The trial court's support award is not clearly erroneous.

## II.

Mother next complains the trial court erred in ordering her to waive her right to claim a tax exemption for Victoria. In support, she argues the trial court cannot allocate tax exemptions to a non-custodial parent, citing *Wilson v. Pittman* (1990), Ind.App., 559 N.E.2d 618, *trans. denied,* and *Ritchey v. Ritchey* (1990), Ind.App., 556 N.E.2d 1376.

Section 152(e) of the Internal Revenue Code, 26 U.S.C. § 152(e), as amended in 1984, automatically grants a dependency exemption to a custodial parent of a minor child, but permits an exception where the custodial parent executes a written waiver of the exemption for a particular tax year. This court has held that while a trial court may not allocate the exemption to the non-custodial parent in derogation of § 152, the trial court may consider the respective tax burdens of the noncustodial and custodial parents to reach an equitable child support arrangement. *Ritchey, supra.* A trial court may order the custodial parent to execute a waiver of his or her right to the § 152(e) exemption for a particular year. Further, if the custodial parent refuses to waive the exemption, the trial court can enforce its order by its contempt powers or by adjusting the child support payments in an amount representing the additional tax burden upon the noncustodial parent due to the absence of a waiver. *Ritchey, supra.*

Here, contrary to Mother's assertion, the trial court did not "allocate the exemption" to Father. Rather, the trial court ordered Mother to execute all necessary documents which would allow Father to claim the Federal and State tax exemptions. We find no error.

Judgment affirmed.

SHARPNACK, C.J., and BARTEAU, J., concur.