Karen **RAILING**, Appellant–Petitioner,

v.

Lonnie **HAWKINS**, Appellee–Respondent.

No. 72A01–0009–JV–324.

Court of Appeals of Indiana.

April 23, 2001.

---

Trent Thompson, Allen Allen & Allen, Salem, IN, Attorney for Appellant.

## OPINION

SULLIVAN, Judge.

Karen Railing ("Mother") appeals from the trial court's denial of her motion to correct errors regarding the trial court's Order on Support and College Expenses. She asserts that the court's findings are inadequate with reference to the failure to

recognize overtime pay in computing the income of Lonnie Hawkins ("Father") and that the court, without regard to overtime pay, erroneously computed Father's gross weekly income.

We reverse and remand for further proceedings.

The relevant facts follow. S.E.B. was born to Mother on October 21, 1979. Father acknowledged paternity of S.E.B., and the trial court entered a support order establishing that Father was required to pay $25.00 per week in support. Over the years, the amount of child support that Father was required to pay was increased periodically.

On August 13, 1999, Mother filed a petition to modify the trial court's most recent support order, and requesting the trial court to order Father to contribute to S.E.B.'s college expenses. After a hearing, the trial court determined that Father's gross weekly income was $625.00 and ordered him to pay $32.80 per week in child support plus an additional $69.20 per week for S.E.B.'s college expenses, for a total of $102.00 per week.

Mother filed a motion to correct errors, alleging, among other claims, that the trial court erred in the course of calculating Father's income. Following a hearing, the trial court increased Father's child support obligation to reflect his lack of visitation with S.E.B., but denied Mother's motion in all other respects.

■■■ In this case, Father has not filed an appellee's brief. In such instance, we need not undertake the burden of developing arguments for the appellee. *See Fisher v. Board of Sch. Trustees*, 514 N.E.2d 626, 628 (Ind.Ct.App.1986). Applying a less stringent standard of review, we may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first

appearance, or on the face of it." *Hamiter v. Torrence*, 717 N.E.2d 1249, 1252 (Ind.Ct. App.1999) (quoting *Johnson County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App.1985)).

Here, the issue is whether the trial court erred in the course of modifying Father's child support obligations.

## A.

■■■ Mother claims that the trial court erred by failing to express its reasons for excluding Father's overtime income from his gross weekly income. The Child Support Guidelines' definition of weekly gross income includes overtime pay. *See* Ind.Child Supp. Guideline 3(A)(1). However, such income can be "irregular or nonguaranteed, which cause[s] difficulty in accurately determining the gross income of a party." Child Supp.G. 3, Commentary 2(b). Thus, a determination as to whether overtime should be included in a parent's weekly gross income is very fact sensitive. *Id.* For that reason, when a trial court determines that it is not appropriate to include irregular income in the determination of a parent's child support obligation, the trial court should express its reasons. *Id.; see also Hamiter*, 717 N.E.2d at 1252. In addition, the dependability of a parent's overtime income and the parent's ability to maintain such income are crucial factors in determining whether such income should be included in a parent's weekly gross income. *See Thompson v. Thompson*, 696 N.E.2d 80, 84 (Ind.Ct.App.1998). Therefore, the trial court must indicate in its findings and conclusions that it has considered those factors. *Id.*

In the instant case, the trial court's order determining the amount of Father's gross weekly income does not discuss Father's overtime pay. All that we may infer from the order is that the trial court chose

not to include Father's overtime income in his weekly gross income. Consequently, on the face of its order the trial court did not abide by the requirements of Child Support Guideline 3, and Mother has demonstrated prima facie error. It is necessary to reverse the trial court's judgment and remand with instructions for the trial court to issue findings and conclusions, in keeping with the principles set forth in *Thompson*, with respect to Father's overtime income. *See Thompson*, 696 N.E.2d at 84.

## B.

■ Mother argues that the trial court "imputed an amount for [Father's] weekly gross income which was even less than his actual basic wage." Appellant's brief at 15. The Indiana Child Support Guidelines define weekly gross income, in relevant part, as:

> actual weekly gross income of the parent if employed to full capacity, potential income if unemployed or underemployed, and imputed income based upon "in-kind" benefits. Weekly gross income of each parent includes income from any source, except as excluded below, and includes, but is not limited to, income from salaries, wages, ... overtime, ....

Child Supp.G. 3(A)(1).

Here, the trial court imputed to Father a weekly gross income of $625.00. At the hearing on Mother's petition, Father presented evidence that during 1999, prior to Mother filing her petition to modify on August 13, 1999, Father had a year-to-date gross income of $19,375.37, or an average weekly income of $625.00. Father also submitted a child support worksheet to the trial court that listed $625.00 as his gross weekly income for 1999 prior to the filing of the petition. Mother correctly notes that Father testified that he was making $680.00 per week at the time of the hearing in 2000, and argues that the trial court should have adopted this figure as Father's gross weekly income.[1]

In determining that Father's weekly gross income was $625.00, the evidence upon which the trial court totally relied, was restricted to Father's evidence concerning 1999 during which period he was admittedly not "employed to full capacity" because he did not work during the first two months of that year. Child Supp.G. 3(A)(1). The trial court totally disregarded the evidence of Father's income from the time of the filing of Mother's modification petition in 1999 to the time of the evidentiary hearing in 2000, and disregarded the fact that during the time Father was employed, at no time did he earn less than a base wage of $17.00 per hour and at no time, except for vacation, did he work less than forty hours per week. This reflection of Father's actual and current income is contained within two of Father's Earnings Statements, prepared by the employer, covering periods in the year 2000, and filed as exhibits at the time of the hearing.

■ The Guidelines contemplate that the Child Support Obligation Worksheet, which contains relevant income information, be filed "when the court is asked to order support." Child Supp.G. 3(B).

1. In regard to Father's 1999 gross weekly income, Mother notes in her brief's statement of facts that Father was unemployed for approximately the first two months of 1999, and that his average gross weekly income for the weeks during which he was actually employed in 1999 is higher than the figure Father presented to the trial court as his gross weekly income. Contrary to the view expressed in the dissent, the argument made by Mother in this regard speaks for itself and requires no additional elaboration or authority.

Nevertheless, such filing is not conclusive with regard to the income to be considered for purposes of entering a final support order. To so hold would allow for gross aberration of the facts relevant to a fair and accurate determination of child support in conformity with the purpose and intent of the Guidelines. This would be particularly egregious in situations in which there has been a dramatic change in the income of a party or of the parties, or in which there has been an appreciable period of time elapsed between filing of the support modification petition and the evidentiary hearing.

Mother has demonstrated that when Father is fully employed, as has been the case ever since February 1999, his average gross weekly wage exceeds $625.00. The clear evidence is that his starting base wage was $17.00 per hour and that except for vacation, he has never worked less than forty hours per week. This reflects a minimum base wage of $680.00 per week. The $55.00 per week difference is not *de minimis.*

If overtime pay is injected into the equation, as provided in the Support Guidelines, the weekly gross pay is even higher.

For the foregoing reasons, we reverse the judgment of the trial court, and remand for additional findings with regard to the inclusion or exclusion of overtime pay and for recomputation of Father's support obligation premised upon a weekly gross income of no less than $680.00.

NAJAM, J., concurs.

SHARPNACK, C.J., dissents with opinion.

SHARPNACK, C.J., concurring in part and dissenting in part.

I fully concur with the majority's decision to reverse and remand so that the trial court may enter findings of fact and conclusions thereon as to Father's overtime income. I disagree with the majority on the question of Father's gross weekly income.

The trial court issued findings and conclusions with regard to Father's gross weekly income. When reviewing the trial court's findings of fact and conclusions thereon, we consider the evidence that supports the judgment and the reasonable inferences to be drawn therefrom. *Scott v. Scott,* 668 N.E.2d 691, 695 (Ind.Ct.App. 1996). We must affirm the judgment of the trial court unless the evidence points incontrovertibly to an opposite conclusion. *Id.*

Here, the trial court imputed to Father a weekly gross income of $625.00. At the hearing on Mother's petition to modify, Father presented evidence that during 1999, prior to Mother filing her petition on August 13, 1999, Father had a year-to-date gross income of $19,375.37, or an average weekly income of $625.00. Father also submitted a child support worksheet to the trial court that listed $625.00 as his gross weekly income for 1999 prior to the filing of the petition. This evidence supports the trial court's finding that Father's gross weekly income was $625.00. *See In re Paternity of Thompson,* 604 N.E.2d 1254, 1257 (Ind.Ct.App.1992), *reh'g denied.* Thus, the evidence does not point incontrovertibly to a conclusion opposite that reached by the trial court. Although Mother is correct that Father testified that he was making $680.00 per week at the time of the hearing, her argument that the trial court should have chosen that figure is a request to reweigh the evidence, which we cannot do.[2] *See Scott,* 668 N.E.2d at

2. Mother also claims that Father was unem-    ployed for approximately the first two months

702. Therefore, I would affirm the trial court's judgment as to Father's gross weekly income, and I respectfully dissent on this issue.

of 1999, but as the majority notes, she only raises this claim in her brief's statement of facts. She fails to develop this claim in the argument section of her brief and does not cite authority to support it. Thus, I would conclude that she has waived it for our review. *See* former Ind. Appellate Rule 8.3(A)(7); *Harris v. Harris*, 690 N.E.2d 742, 745 (Ind.Ct.App.1998).