**CONSECO FINANCE SERVICING CORP., Appellant–Defendant,**

v.

**KIMBERLY MOBILE HOME PARK, INC., Appellee–Plaintiff.**

No. 36A01–0205–CV–192.

Court of Appeals of Indiana.

Dec. 30, 2002.

William F. Thompson, Indianapolis, IN, Attorney for Appellant.

## OPINION

SULLIVAN, Judge.

Appellant, Conseco Finance Servicing Corporation ("Conseco"), appeals from a judgment entered in favor of Kimberly Mobile Home Park, Inc. (the "Park"). Upon appeal, Conseco maintains that the trial court's judgment is erroneous as a matter of law in that the trial court improperly disregarded the mandatory provisions of the Internal Revenue Code ("I.R.C.") which required Conseco to withhold thirty percent of its rent payment to the Park.

We reverse.

On December 31, 2001, the Park filed a notice of claim in the amount of $1,200.00 against Conseco in the Jackson County Superior Court for unpaid lot rent for a vacant mobile home. On or about January 31, 2002, Conseco and the Park entered into an agreement to resolve the lawsuit, wherein Conseco agreed to pay lot rent to the Park in the amount of $150.00 per month for the period beginning August 2001 through February 2002 and $150.00 per month thereafter until the home was removed from the lot. The Park agreed to dismiss the lawsuit upon payment of the lot rent through February 2002.

On February 28, 2002, the accounts payable division at Conseco's corporate headquarters issued a check in the amount of $840.00 as payment for the $1,200.00 lot rent due for the months of August 2001 through March 2002. Conseco deducted and withheld thirty percent of the $1,200.00 invoice as backup withholding and issued a credit memo to the Park in the amount of $360.00. On March 5, 2002, Conseco sent the $840.00 check to the Park together with a letter explaining that in accordance with Internal Revenue Service ("IRS") rules and regulations, Conseco had deducted and withheld thirty percent of the invoice amount. The letter further explained that the withholding was mandatory and was a result of the Park's failure to provide Conseco with an appropriate tax form and tax identification number ("TIN"). The letter also informed the Park as to how it could claim the benefit of the $360.00 credit when filing its taxes for

the 2002 tax year and advised the Park that to avoid the backup withholding from future payments the Park needed to provide Conseco with a "B Notice." Conseco had previously notified the Park of the TIN problem by sending the Park a "First B Notice," which requested that the Park complete and return Form W–9 by August 15, 2000 and warned of possible backup withholding if the Park did not comply.

At the bench trial, the Park's witness, Wanda Melton, acknowledged that the Park had received Conseco's $840.00 check, but further stated that the Park had not cashed the check because it had not authorized the withholding and it did not consider it to be payment in full. Ms. Melton stated that the Park did not regard itself as being subject to the withholding as it was a corporation. Finally, Ms. Melton acknowledged that the Park had received letters from Conseco requesting that Form W–9 be completed, but explained that neither she nor the accountant knew about or understood what it was.

On the day of the bench trial, March 11, 2002, Conseco filed a motion to dismiss the Park's notice of claim asserting that the claim had been satisfied and paid in full. Following the bench trial, the court took the matter under advisement. On April 19, 2002, the trial court entered judgment in favor of the Park in the amount of $1,200.00 and costs.

We note that the Park has not filed an appellee's brief. In such instance, we do not undertake the burden of developing arguments for the appellee, as such duty remains with the appellee. *Railing v. Hawkins*, 746 N.E.2d 980, 982 (Ind.Ct. App.2001). Applying a less stringent standard of review, we may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.* (quoting *Johnson*

*County Rural Elec. Membership Corp. v. Burnell*, 484 N.E.2d 989, 991 (Ind.Ct.App. 1985)). Still, we are obligated to correctly apply the law to the facts in the record in order to determine whether reversal is required. *Dominiack Mechanical, Inc. v. Dunbar*, 757 N.E.2d 186, 188 n. 1 (Ind.Ct. App.2001).

Upon appeal, Conseco asserts that the trial court erred in entering a judgment against it for the full amount of rent due, i.e. $1,200.00, because Conseco is required to deduct and withhold thirty percent of the invoice amount as backup withholding pursuant to federal rules and regulations. Conseco maintains that it satisfied in full its obligation to pay the Park for the rent due for August 2001 through March 2002 by tendering a check in the amount of $840.00 and issuing a credit for $360.00.

Directing us to I.R.C. § 6041 (2002), Conseco asserts that it is required to report to the IRS the amounts paid to the Park for lot rent. In turn, Conseco asserts that because it was notified by the IRS that there was a discrepancy in the TIN furnished by the payee, i.e. the Park, it was required to deduct and withhold thirty percent of the rent payment, as such constituted a reportable payment, in accordance with I.R.C. § 3406 (2002).

Section 6041(a) provides:

"**(a) Payments of $600 or more.**—All persons engaged in a trade or business and making payment in the course of such trade or business to another person, of *rent* ... of $600 or more in any taxable year ... shall render a true and accurate return to the Secretary, under such regulations and in such form and manner and to such extent as may be prescribed by the Secretary, setting forth the amount of such gains, profits, and income, and the name and address

of the recipient of such payment." (emphasis supplied).

Here, Conseco is engaged in a trade or business and is making payments in the course of such trade or business to the Park for rent in the amount of $150.00 per month. As the payments for rent exceed $600.00 in any taxable year, Conseco is required to file an information return setting forth such payments and the name and address of the Park as the recipient.

Turning to I.R.C. § 3406(a)(1), if, in the case of any "reportable payment," (1) the payee fails to furnish a proper TIN in the manner required or (2) the payor is notified by the Secretary that the TIN furnished by the payee is incorrect, the payor, in this case Conseco, *shall* deduct and withhold thirty percent from such payment. *See also* Publication 505, Internal Revenue Service, *Tax Withholding and Estimated Tax* (Rev. December 2001). For purposes of I.R.C. § 3406, a "reportable payment" includes any payment of a kind and to a payee which is required to be shown on an information return under I.R.C. § 6041 (relating to certain information at the source). I.R.C. § 3406(b)(3)(A). Thus, a rent payment which is within the informational reporting requirements of § 6041 constitutes a "reportable payment" which is subject to backup withholding under the specified circumstances listed in I.R.C. § 3406(a)(1).

Here, Conseco made rent payments in excess of $600.00 per year and thus, Conseco was subject to the reporting requirements of § 6041. Such payments qualified as "reportable payments" subject to backup withholding in certain situations. From the record, we can conclude only that the IRS notified Conseco that the TIN supplied by the Park was incorrect and that Conseco attempted to correct the problem by sending the Park a "B Notice." There is nothing in the record which indicates that the TIN issue between the IRS, Conseco, and the Park has been resolved. Thus, Conseco has established, prima facie, that its deduction and withholding of thirty percent, or $360.00, from the amount owed the Park for lot rent was authorized by statute; indeed, it appears as if such withholding was required given that Conseco had been notified by the IRS that the TIN provided by the Park did not match the TIN on file. Therefore, we conclude that the trial court erred in entering judgment against Conseco for the full amount of lot rent owed the Park. Conseco was required by federal law and IRS regulations to deduct and withhold thirty percent of the rent payment until such time as the Park furnished Conseco with a TIN which the IRS would accept. As Conseco tendered $1,200.00 by issuing a check for $840.00 and a credit for $360.00, it fully satisfied its obligation to the Park for lot rent for the period of August 2001 through March 2002. The trial court should have granted Conseco's motion to dismiss.

The judgment is reversed.

BAILEY, and MATHIAS, JJ., concur.