ISHEE, J.,
for the Court:
¶ 1. In 2004, Sea Breeze I, LLC (Sea Breeze) contracted with Harry Baker Smith Architects II, PLLC (HBSA) to provide design services for the construction of a condominium complex. Sea Breeze also contracted with Roy Anderson Corporation (Roy Anderson) to provide construction services for the same project. Both contracts contained arbitration agreements. After some dispute over an alleged defect in the condominium complex, Sea Breeze sought arbitration against HBSA, and it sought a separate arbitration against Roy Anderson. Thereafter, all parties consented to the American Arbitrators Association’s (AAA) appointment of a special arbitrator skilled in construction law and construction industry rules laid out by the AAA. The special arbitrator was charged with determining whether or not consolidation or joinder of the two arbitra-tions was proper. The arbitrator concluded that the arbitrations should be consolidated since they arose from a common question of fact or law and would, therefore, facilitate complete relief for the parties involved by becoming joined. HBSA subsequently filed an action in the Harrison County Chancery Court seeking in-junctive relief and reversal of the arbitrator’s decision. Sea Breeze and Roy Anderson then filed a joint motion to compel the consolidated arbitration and dismiss HBSA’s petition for injunctive relief. The chancery court concluded that it did not have jurisdiction to reverse the arbitrator’s decision to consolidate the cases. Therefore, the chancery court denied HBSA’s order for injunctive relief and granted the motion to compel the consolidated arbitration. Aggrieved, HBSA now appeals claiming the following: (1) the chancery court erred by determining that it lacked jurisdiction to overrule the arbitrator’s decision to consolidate the arbitra-tions; (2) the chancery court erred by granting Sea Breeze and Roy Anderson’s joint motion to compel the consolidated arbitration; and (3) the chancery court erred by denying HBSA’s petition for in-junctive relief. Finding no error, we affirm.
FACTS
¶ 2. On October 21, 2004, Sea Breeze contracted with HBSA to provide design services for the construction of a condominium complex. Thereafter, Sea Breeze also contracted with Roy Anderson to supply construction services for the same condominium complex. Both contracts contained arbitration agreements. Arbitration of a dispute was contingent upon the parties’ attempt to resolve the dispute *397 by mediation. If the parties were unable to resolve the dispute by mediation, the contracts mandated that the dispute would be submitted to arbitration in accordance with the Construction Industry Arbitration Rules of the AAA.
¶ 3. In 2008, after HBSA and Roy Anderson had worked on the condominium complex, Sea Breeze alleged that the condominium complex was defective in its design, construction, or both. Subsequently, Sea Breeze sought to invoke the arbitration agreements contained in its contracts with HBSA and Roy Anderson. After mediation failed, and with some protest, HBSA joined Roy Anderson in a petition to the AAA to appoint a special arbitrator with specific knowledge of AAA Construction Industry Arbitration Rules and construction law to determine whether the cases should be consolidated.
¶ 4. The AAA subsequently appointed a special arbitrator to decide the issue of consolidation. Under AAA Construction Industry Arbitration Rules, if an arbitrator determines that the parties’ agreement or the law provides for consolidation or join-der of related arbitrations, then the AAA “may take reasonable administrative action to accomplish the consolidation or joinder as directed by the arbitrator.” Accordingly, the arbitrator reviewed the arbitration agreements in the underlying contracts between Sea Breeze, HBSA, and Roy Anderson.
¶ 5. The special arbitrator determined that the language in the contract between Sea Breeze and Roy Anderson deviated from standard boilerplate language regarding consolidation of arbitration claims. The special arbitrator found that the contract specifically included terms to allow for joinder of a claim with another party who is “substantially involved in a common question of fact or law [and] whose presence is required if complete relief is to be accorded in arbitration.”
¶ 6. The special arbitrator further found that Sea Breeze’s contract with HBSA provided that consolidation or joinder would be made possible upon written agreement by HBSA. In a letter from HBSA’s counsel to Sea Breeze in 2008, HBSA’s counsel stated that HBSA believed participation by Roy Anderson would be appropriate “in any mediation and/or arbitration” which took place between Sea Breeze and HBSA regarding the instant claims. In the same 2008 letter, HBSA further asked that Sea Breeze agree to Roy Anderson’s involvement in the arbitration proceedings. HBSA then began discussions with AAA, Sea Breeze, and Roy Anderson concerning the appointment of a special arbitrator to determine the issue of consolidation.
¶7. Accordingly, the special arbitrator established that the contract between Sea Breeze and Roy Anderson expressly allowed for consolidation of the two cases since they both arose from a common question of fact and the absence of one of the three parties involved would prohibit complete relief of the claims. The arbitrator further found that HBSA was the only party that had the option to join the two proceedings by written consent. The special arbitrator concluded that HBSA expressly agreed to consolidation by written consent pursuant to its 2008 letter, through which it insisted upon Roy Anderson’s involvement “in any mediation and/or arbitration.” Furthermore, both parties expressly petitioned the AAA to resolve the matter of consolidation through a special arbitrator’s review of the case. As such, the special arbitrator determined that consolidation of the cases with Sea Breeze, HBSA and Roy Anderson was proper.
¶ 8. Shortly thereafter, HBSA filed an action in chancery court seeking injunctive *398 relief and reversal of the arbitrator’s decision. Sea Breeze and Roy Anderson then filed a motion to compel the consolidated arbitration and dismiss HBSA’s motion for injunctive relief and reversal.
¶ 9. The chancery court reviewed the motions and determined that it lacked jurisdiction to overrule the decision of the arbitrator. The chancery court then granted Sea Breeze and Roy Anderson’s joint motion to compel the consolidated arbitration, and the court dismissed HBSA’s petition for injunctive relief.
DISCUSSION
¶ 10. It is well settled that we review questions of law, including those relating to jurisdiction, de novo. Derr Plantation, Inc. v. Swarek, 14 So.3d 711, 715 (¶ 8) (Miss.2009) (citations omitted). HBSA asserts that under First Options of Chi. v. Kaplan, 514 U.S. 938, 949, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995), trial courts, including the chancery court in the instant case, may independently review an arbitrator’s decision as to the arbitrability of a dispute. Sea Breeze and Roy Anderson do not disagree with the holding in First Options. However, applicability of First Options’ ruling regarding the chancery court’s review of the arbitrator’s decision in the present case turns on the meaning of “arbitrability.”
¶ 11. The United States Supreme Court stated that parties’ questions of arbitrability are “about whether they agreed to arbitrate the merits [of a dispute].” Id. at 942, 115 S.Ct. 1920. Here, there is no question that both Roy Anderson and HBSA contractually agreed to arbitrate the merits of any dispute that may have arisen with Sea Breeze. In particular, HBSA’s contract with Sea Breeze specifically states: “Claims, disputes[,] and other matters in question between the parties that are not resolved by mediation shall be decided by arbitration which, unless the parties mutually agree otherwise, shall be in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association.” (Emphasis added). The contract further states: “The award rendered by the arbitrator or arbitrators shall be final, and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.” Roy Anderson explicitly affirms that it submitted to mandatory arbitration, and its contract with Sea Breeze contains strikingly similar language to that of HBSA’s contract with Sea Breeze.
¶ 12. As such, HBSA’s argument is not whether the parties agreed to arbitrate; it is clear in both contracts that they did. Rather, HBSA questions whether the parties agreed to consolidate. Accordingly, the holding in First Options, granting trial courts the power to independently review an arbitrator’s decision regarding arbitra-bility, is inapplicable since arbitrability is not at issue. First Options holds that a trial court may review and set aside an arbitrator’s decision on all other matters after the invocation of a valid arbitration agreement “only in narrow circumstances” such as corruption, fraud, misconduct, and other similar scenarios. Id. at 943, 115 S.Ct. 1920 (citing 9 U.S.C. § 10 (2009)).
¶ 13. The United States Supreme Court in Green Tree Financial Corp. v. Bazzle, 539 U.S. 444, 452, 123 S.Ct. 2402, 156 L.Ed.2d 414 (2003), specifically addressed a trial court’s review of an arbitrator’s decision to consolidate cases. There, the Supreme Court reiterated its holding in First Options that when reviewing arbitration agreements, courts are limited to an analysis of “certain gateway matters, such as whether the parties have a valid arbitration agreement at all or whether a con-cededly binding arbitration clause applies to a certain type of controversy.” Id.
*399 ¶ 14. Again, it is undisputed that the parties operated under valid, binding arbitration agreements. The parties each invoked the arbitration agreements in their contracts by agreeing to place the disputed matter of consolidation before a special arbitrator with the AAA after mediation of the matter had failed. In a letter written by HBSA’s counsel in 2008 to Sea Breeze’s counsel, HBSA stated: “[W]e believe that it would be appropriate to have [Roy Anderson’s] participation in any mediation and/or arbitration. We ask for your agreement to same.” Furthermore, in a 2009 letter to the AAA, HBSA’s counsel stated: “[HBSA] and [Roy Anderson] have submitted requests to AAA under Rule R-7 for appointment of a single arbitrator to decide the limited issues of consolidation or joinder.” The 2009 letter went on to suggest a list of arbitrators the AAA may want to appoint to hear the dispute.
¶ 15. HBSA now appeals because of its disagreement with the special arbitrator’s decision to consolidate. However, such a decision is one on the merits of a dispute and not a “gateway matter” such as arbi-trability. There is no evidence in the record and no claim has been made by any party of fraud, duress, misconduct, or another circumstance that would have allowed the chancery court to independently review and possibly overturn the arbitrator’s decision.
¶ 16. Accordingly, while the chancery court may have had the limited jurisdiction of determining whether the arbitration agreements between the parties were valid and whether the arbitration was the result of improper means, such claims were never raised and the record does not support such hypothetical claims. The only request that HBSA made to the chancery court was that the court reverse the arbitrator’s decision to consolidate. Based on First Options and Green Tree Financial Corp., the chancery court did not have the power to fulfill HBSA’s request. Therefore, the chancery court was correct in its assertion that it was not able to overrule the arbitrator’s decision to consolidate, and the court had no choice but to enforce the arbitrator’s decision by granting Sea Breeze and Roy Anderson’s joint motion to compel consolidated arbitration. Because this determination is dispositive to HBSA’s request for injunctive relief, we decline to address the issue in detail; instead, we affirm the chancery court’s judgment.
¶ 17. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ„ CONCUR.