**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 06 2012, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**J. MICHAEL CAVOSIE**
**E. ROY RODABAUGH**
Easter & Cavosie
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PRELOAD, INC., | ) | |
| | ) | |
| Appellant-Third-Party Defendant | ) | |
| | ) | |
| vs. | ) | No. 45A05-1201-PL-22 |
| | ) | |
| HAMMOND WATER WORKS | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JEFFREY PORTER GENERAL | ) | |
| CONTRACTORS, INC., | ) | |
| Appellees-Plaintiffs. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable William E. Davis, Judge
Cause No. 45D05-1104-PL-42

**August 6, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Preload, Inc. ("Preload"), appellant and third-party defendant, appeals from the trial court's order compelling it to engage in arbitration with Jeffrey Porter General Contractors, Inc. ("Jeffrey Porter"), appellee and plaintiff, and the Hammond Water Works Department ("Hammond Water"), appellee and defendant/third-party plaintiff.

We affirm in part, reverse in part, and remand.

**Issue**

Preload presents a single issue on appeal, which we restate as whether the trial court erroneously ordered Preload joined into an arbitration between Jeffrey Porter and Hammond Water based upon identical arbitration provisions in separate agreements.

**Facts and Procedural History**

On May 1, 2008, Preload contracted with Hammond Water to construct tanks on a project named "Contract 1 – Two 6MG Prestressed Tanks" ("Contract 1"). (App. at 15.) On July 23, 2008, Jeffrey Porter contracted with Hammond Water to perform excavation and landscaping work on a project named "Contract 3 – Package Pumping Station Installation and Yard Piping" ("Contract 3"). (App. at 3.)

Although the parties entered into separate contracts—one between Preload and Hammond Water, the other between Jeffrey Porter and Hammond Water—governing separate projects, both Contract 1 and Contract 3 incorporated by reference a common set of general conditions. The general conditions included an arbitration clause:

> All claims, disputes, and other matters in question arising out of, or relating to, the Project Documents or the breach thereof, except for claims which have

2

been waived by the making and acceptance of final payment as provided for herein will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association. This agreement to arbitrate will be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrators will be final, and judgment may be entered upon it in any court having jurisdiction thereof.

(App. at 14.)

On April 19, 2011, Jeffrey Porter filed suit against Hammond Water.[1] In the complaint, Jeffrey Porter alleged that it "was to use the top soil on the site to fulfill its obligations" to perform landscaping work under Contract 3 (App. at 1), but that Hammond Water had improperly removed the top soil, forcing Jeffrey Porter to advance costs for replacement top soil. Jeffrey Porter therefore sought damages in compensation for its costs.

On June 8, 2011, Hammond Water filed its Answer to Complaint, Affirmative Defenses and Third-Party Complaint. In the third-party complaint portion of the pleading, Hammond Water alleged that, pursuant to Contract 1, Preload was to perform work "on the same project site" as Jeffrey Porter, that Preload's contract responsibilities included excavation and landscaping, and that Preload removed any of the top soil that was the subject of Jeffrey Porter's suit. Referencing a provision in the contract with Preload that required Preload to indemnify Hammond Water for any liability arising from "the failure, omission or neglect of Preload" in performance under Contract 1, Hammond Water sought indemnification against Preload for Jeffrey Porter's claim. (App. at 12.)

Preload filed its answer and affirmative defenses to Hammond Water's third-party

---

[1] The City of Hammond was also a named defendant in the complaint. On August 25, 2011, Jeffrey Porter stipulated to the dismissal of the City of Hammond from the suit, and the trial court entered an order of dismissal as to the City on August 26, 2011. The City of Hammond is thus no longer a party to this action.

complaint on July 7, 2011. Among its affirmative defenses, Preload pled that Contract 1 included the above-cited arbitration clause and "this action should be stayed or dismissed accordingly." (App. at 23.)

On October 20, 2011,[2] Jeffrey Porter filed a motion with the trial court to compel Preload's joinder into arbitration proceedings between Jeffrey Porter and Hammond Water:

> Jeffrey Porter and [Hammond Water] have agreed to arbitration of this matter…. However, [Preload] refuses to participate in the arbitration. Wherefore, the Plaintiff, Jeffrey Porter, by counsel, requests the Court to order all three parties to arbitration for the purposes of trying to resolve this dispute amicably and for the economy of justice.

(App. at 29.)

On October 25, 2011, Preload filed its response to the motion to compel arbitration. In its response, Preload argued that it could not be joined in the arbitration because Preload and Jeffrey Porter were not in privity with each other, Preload and Jeffrey Porter were not working on the same contract, the arbitration clause at issue did not expressly provide for joinder of arbitration parties, and Hammond Water had in any event not yet been found liable for damages by the arbitrator and thus was not yet entitled to indemnification from Preload.

On December 28, 2011, the trial court conducted a hearing on Jeffrey Porter's motion to compel arbitration. The same day, the trial court granted the motion to compel Preload's participation in the arbitration between Jeffrey Porter and Hammond Water.

This appeal ensued.

---

[2] This date appears in the chronological case summary ("CCS"). We remind counsel that in civil appeals, our appellate rules provide that "the appellant's Appendix shall contain … copies of the following documents, if they exist: (a) the chronological case summary for the trial court or Administrative Agency." Ind. Appellate Rule 50(A)(2) (emphasis added). The CCS in this case was not provided by Preload in its appellant's Appendix, but rather by the clerk of the trial court along with the hearing record.

**Discussion and Decision**

On appeal, Preload argues that the trial court erred when it compelled Preload's joinder in the arbitration between Jeffrey Porter and Hammond Water.

Ordinarily, we review an order compelling arbitration de novo. TWH, Inc. v. Binford, 898 N.E.2d 451, 453 (Ind. Ct. App. 2008). However, neither Jeffrey Porter nor Hammond Water has filed a responsive brief in this court. In such circumstances, we do not undertake the burden of developing arguments for the appellee. Id. We review the trial court's order for prima facie error. Id. at 453 n.1. Prima facie error is error "'at first sign, on first appearance, or on the face of it.'" Id. (quoting Railing v. Hawkins, 746 N.E.2d 980, 982 (Ind. Ct. App. 2001)).

"A written agreement to submit to arbitration is valid, and enforceable, an existing controversy or a controversy thereafter arising is valid and enforceable, except upon such grounds as exist a law or in equity for the revocation of any contract." Ind. Code § 34-57-2-1(a). Thus, a party that seeks to compel arbitration must prove two elements. First, the party must demonstrate that there is an enforceable agreement to arbitrate the dispute. Mislenkov v. Accurate Metal Detinning, Inc., 743 N.E.2d 286, 289 (Ind. Ct. App. 2001). "Second, the party must prove that the disputed matter is the type of claim that the parties agreed to arbitrate." Id.

"Construction of the terms of a written arbitration contract is a pure question of law, and we conduct a de novo review of the trial court's conclusion in that regard." Sanford v. Castleton Health Care Center, LLC, 813 N.E.2d 411, 416-17 (Ind. Ct. App. 2004), reh'g

5

denied, trans. dismissed. We apply ordinary contract principles in construing the scope of an arbitration agreement. Safety Nat'l Cas. Co. v. Cinergy Corp., 829 N.E.2d 986, 1000 (Ind. Ct. App. 2005), trans. denied.

"Our paramount goal is to ascertain and give effect to the intent of the parties as reasonably manifested by the language of the agreement." Safety Nat'l Cas. Co., 829 N.E.2d at 1010. Parties may only be bound to arbitrate issues where they have agreed to arbitration "'by clear language,'" and we may not extend the scope of an arbitration agreement "'by construction or implication.'" Norwood Promotional Prods., Inc. v. Roller, 867 N.E.2d 619, 624 (Ind. Ct. App. 2007) (quoting Mislenkov, 743 N.E.2d at 289), trans. denied. When construing arbitration agreements, we resolve all doubts in favor of arbitration, and the parties are bound to arbitrate all matters not explicitly excluded by the language of the agreement that reasonably fit within the language used. Green Tree Servicing v. Brough, 930 N.E.2d 1238, 1241 (Ind. Ct. App. 2010). "Arbitration must be compelled unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Precision Homes of Ind., Inc. v. Pickford, 844 N.E.2d 126, 131 (Ind. Ct. App. 2006), trans. denied.

Preload does not challenge the existence of the contracts between itself and Hammond Water and between Jeffrey Porter and Hammond Water. In its pleadings, Preload invoked the arbitration provision as a basis upon which to stay or dismiss the trial court proceedings. Preload contends only that the arbitration clause does not provide for Preload's joinder in the arbitration proceedings between Jeffrey Porter and Hammond Water.

6

The arbitration provision states, in relevant part, "[a]ll claims, disputes, and other matters in question arising out of, or relating to, the Project Documents or the breach thereof … will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association." (App. at 14.) Thus, the arbitration provision is silent on whether the parties intended to join Preload as a third-party indemnitor into an arbitration between Hammond Water and another party. The arbitration provision is not, however, entirely silent as to the question of joinder or consolidation.[3]

The arbitration provision at issue here specifies the applicable rules governing any underlying arbitrations: the Construction Industry Arbitration Rules of the American Arbitration Association. To the best of our ability to discern from the record, none of the parties in this case designated those rules in arguments to the trial court, Preload does not address the rules in its brief before this Court, and Preload did not provide a copy of those rules to this Court. Thus, we take judicial notice of these rules, the applicability of which all parties to this action have already agreed.[4] See American Arbitration Association,

---

[3] Preload argues, based upon this Court's holding in <u>Slutzky-Peltz Plumbing & Heating Co. v. Vincennes Community School Corp.</u>, 556 N.E.2d 344 (Ind. Ct. App. 1990), and cases from other jurisdictions, that where an arbitration clause is silent as to the questions of joinder and consolidation, courts lack the authority to order joinder or consolidation. Because we conclude that the arbitration provision here is not silent on this point, we do not reach Preload's argument on this point today.

[4] Judicial notice may be taken at any stage in the proceedings, including on appeal, so long as the taking of judicial notice complies with the requirements set forth by our Rules of Evidence. <u>See</u> Ind. Evidence Rule 201(a), (f); <u>Mayo v. State</u>, 681 N.E.2d 689, 693 (Ind. 1997). "A judicially-noticed fact must be one not subject to reasonable dispute in that it is … capable of ready and accurate determination by resort to sources whose accuracy cannot reasonably be questioned." Evid. R. 201(a). The Construction Industry Arbitration Rules of the American Arbitration Association are publicly available from the Association's website at http://www.adr.org, and other courts have referred to or taken judicial notice of the same or similar rules. <u>See</u>, <u>e.g.</u>, <u>Harry Baker Smith Architects II, PLLC v. Sea Breeze I, LLC</u>, 83 So. 3d 395 (Miss. Ct. App. 2011) (interpreting an arbitration clause similar to the one at issue here, but also interpreting the

7

Construction Industry Arbitration Rules and Mediation Procedures: Including Procedures for Large, Complex Construction Disputes [hereinafter, Arbitration Rules], http://www.adr.org/aaa/ShowProperty?nodeId=/UCM/ADRSTG_004219&revision=latestrel eased (October 1, 2009).

The Arbitration Rules provide for the resolution of disputes over consolidation or joinder of parties in ongoing arbitrations:

> If the parties are unable to agree to consolidate related arbitrations or to the joinder of parties to an ongoing arbitration, the AAA shall directly appoint a single arbitrator (hereinafter referred to as the R-7 arbitrator) for the limited purpose of deciding whether related arbitrations should be consolidated or parties joined.

Arbitration Rules at 31. The Arbitration Rules go on to provide for the procedural steps by which parties may be joined or arbitrations consolidated. Id. at 31-32.

By agreeing to the arbitration provision, the parties in this case have agreed to the application of the Arbitration Rules, and Preload has already invoked the arbitration provision in its pleadings. We see nothing in the record that indicates that an arbitrator has ordered Preload joined in the arbitration between Jeffrey Porter and Hammond Water, and whether to join Preload or consolidate separate arbitrations is left to the arbitrator by the terms of the arbitration provision and the Arbitration Rules. The trial court properly ordered Preload into arbitration with Hammond Water. But to the extent that the trial court ordered the arbitration between Preload and Hammond Water consolidated with that between Jeffrey

---

applicable arbitration rules), cert. denied, 82 So. 2d 620 (Miss. 2012); Doctor's Assocs., Inc. v. Keating, 836 A.3d 412 (Conn. 2003) (taking judicial notice of the American Arbitration Association's Commercial Arbitration Rules for purposes of reviewing question of service of process under the Rules).

Porter and Hammond Water, or ordered Preload joined in the arbitration between Jeffrey Porter and Hammond Water, the order improperly construes the arbitration provisions and is therefore in error.

Under the facts of this case, the determination as to joinder or consolidation of Preload into the other parties' arbitration rests with the arbitrator, not with the courts, and even then only when Preload has submitted to or has been ordered to participate in an arbitration with Hammond Water. Thus, to the extent that the trial court's order that Preload enter arbitration orders that Preload be joined as a party in the arbitration between Jeffrey Porter and Hammond water, we reverse the trial court's order and remand for further proceedings consistent with our decision today.

Affirmed in part, reversed in part, and remanded.

ROBB, C.J., concurs.

MATHIAS, J., concurs in result with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

PRELOAD, INC.,                                    )
                                                  )
    Appellant-Third-Party Defendant,          )
                                                  )
          vs.                                )
                                                  )
HAMMON WATER WORKS DEPARTMENT,                     )      No. 45A05-1201-PL-22
                                                  )
and                                               )
                                                  )
JEFFREY PORTER GENERAL                            )
CONTRACTORS, INC.,                                )
                                                  )
    Appellees-Plaintiffs.                     )

**MATHIAS, Judge, concurring in result**

While I concur in the ultimate result reached by my colleagues, I write separately to express my discomfort with taking judicial notice of the American Arbitration Association Rules ("AAA Rules") at this stage of the proceedings without notice to either party. Indiana Evidence Rule 201(a) provides that a court may, with or without a request

by either party, take judicial notice of a fact that is "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." The rule provides further that judicial notice "may be taken at any stage of the proceeding." Evid. R. 201(f). This court has interpreted this provision to allow judicial notice to be taken for the first time on appeal. See Mayo v. State, 681 N.E.2d 689, 693 (Ind. Ct. App. 1997).

While I do not doubt that judicial notice may be properly taken of the AAA Rules, or that judicial notice may under some circumstances be taken on appeal, I question the propriety of taking judicial notice of the AAA Rules for the first time on appeal without notice to the parties in this case, where neither party made reference to the AAA Rules either at trial or on appeal.

Evidence Rule 201(e) provides that a party is entitled upon request to an opportunity to be heard with respect to the propriety of taking judicial notice. It is unclear to me how this portion of the rule is to be fulfilled where an appellate court *sua sponte* takes judicial notice of matter of which neither party has formally expressed any awareness.

Nevertheless, this court interprets unambiguous contracts *de novo*, and I agree with the majority's conclusion that under the contracts at issue here, this dispute is governed by the AAA Rules, which in turn provide a clear and unambiguous resolution for Preload's arguments on appeal. Even if given an opportunity to be heard on the matter, I do not believe that either party would be able to set forth a convincing argument that the AAA Rules are not a proper subject of judicial notice. See Robbins v. B and B Lines, Inc., 830 F.2d 648, 651

n.6 (7th Cir. 1987) (taking judicial notice of AAA Rules pursuant to Federal Rule of Evidence 201); Fed. R. Evid. 201 (providing, in language nearly identical to Indiana Evidence Rule 201, that a federal court may take judicial notice of a fact that "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

Finally, it would seem that any of the parties might be able to seek an opportunity to be heard concerning the propriety of this court's decision to take judicial notice by way of a petition for rehearing.  See Evid. R. 201(e) (providing that, "[i]n the absence of prior notification, the request [for an opportunity to be heard] may be made after judicial notice has been taken"); but see Strong v. Jackson, 781 N.E.2d 770, 772 (Ind. Ct. App. 2003) (a party generally may not raise an argument for the first time in a petition for rehearing, except "when a state court acts in an unanticipated way to deprive a party of the opportunity to make an argument or present a valid defense based on the Federal Constitution").  However, whether or not the judicial notice taken in this opinion is a proper ground for a petition for rehearing, as set forth above, it is difficult for me to imagine a successful argument against judicial notice of the AAA Rules at issue.

For all of these reasons, and in the interest of judicial economy, I concur in result in result with my colleagues' resolution of this appeal.