**DAIMLER CHRYSLER CORPORATION, Appellant–Defendant,**

v.

**Derek FRANKLIN, Appellee–Plaintiff.**

No. 53A01–0309–CV–346.

Court of Appeals of Indiana.

Aug. 30, 2004.

Jeffrey P. Smith, W. Randall Kammeyer, Hawk, Haynie, Kammeyer & Chickedantz, Fort Wayne, IN, Attorneys for Appellant.

John D. Barker, Scott M. Cohen, Krohn & Moss, Ltd, Chicago, IL, Attorneys for Appellee.

## OPINION

KIRSCH, Chief Judge.

Daimler Chrysler Corporation ("Daimler") brings two appeals following a jury trial that resulted in a verdict in favor of Derek Franklin on his claims regarding a 2001 Dodge Neon automobile that he purchased. In its first appeal, Daimler raises several issues, one of which we find dispositive: whether Franklin agreed to arbitrate claims against Daimler when he entered into a contract with Community Chrysler ("Community") that contained a provision requiring the parties to submit any claims against one another to arbitration. Franklin argues on cross-appeal that he should be awarded appellate attorney's fees.

In its second appeal, Daimler argues that the amount of trial attorney's fees the trial court awarded to Franklin was excessive.

We affirm in part, reverse in part, and remand.

## FACTS AND PROCEDURAL HISTORY

On May 24, 2001, Franklin purchased a 2001 Dodge Neon vehicle manufactured by Daimler from Community for a purchase price in excess of $18,000.00. The parties executed a retail installment contract that contained the following provision:

## "IMPORTANT ARBITRATION DISCLOSURES

The following Arbitration Clause significantly affects your rights in any dispute with us. Please read these disclosures and the Arbitration Clause carefully before you sign this contract.

1. If either of us chooses, any dispute between us will be decided by arbitration and not in court.

. . . .

Any claim or dispute, whether in contract, tort or otherwise (including the interpretation and scope of this clause and the arbitrability of any issue), between you and us or our employees, agents, successors or assigns, which arise out of or relate to this contract or

any resulting transaction or relationship (including such relationship with third parties who do not sign this contract) shall, at your or our election (or the election of any such third party), be resolved by a neutral, binding arbitration and not by a court action.

. . . .

This contract evidences a transaction involving interstate commerce. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et seq.)."

*Appellant's Appendix* at 26–27.

After taking possession of the Neon, Franklin discovered multiple defects that impaired its value. Franklin returned the vehicle to Community and other dealerships for repair of the problems, but the dealerships were unable to make the repairs within a reasonable number of attempts.

Thereafter, Franklin revoked his acceptance of the Neon in writing. Daimler refused the revocation. Franklin submitted to Daimler's informal dispute resolution program, but was not satisfied with the outcome. Subsequently, he filed a four count complaint, alleging a breach of written warranties,[1] breach of the warranty of merchantability, revocation of acceptance, and a violation of the Indiana Motor Vehicle Protection Act ("IMVPA"). Daimler filed a motion to dismiss and for an order compelling arbitration based on the arbitration clause in the sales contract between Franklin and Community. The trial court denied Daimler's motion to dismiss, and Daimler filed its answer.

On August 12, 2003, the trial court conducted a jury trial on Franklin's claims. The jury decided in Franklin's favor and awarded him $12,123.99 and ordered Daimler to accept return of the vehicle pursuant to the IMVPA. Daimler filed a motion for directed verdict, which the trial court denied.

Franklin filed a motion for attorney's fees, which the trial court granted in the amount of $19,405 after submission of Franklin's petition documenting his attorneys' time. Daimler now appeals from the denial of its motion to dismiss and compel arbitration and the award of attorney's fees. Franklin cross-appeals.[2]

## DISCUSSION AND DECISION

■ Daimler argues that the trial court erred in denying its motion to compel arbitration and to dismiss Franklin's complaint. We review a trial court's denial of a motion to compel arbitration de novo. *Showboat Marina Casino P'ship v. Tonn & Blank Constr.,* 790 N.E.2d 595, 597 (Ind. Ct.App.2003). Under Indiana contract law, the party seeking to compel arbitration has the burden of demonstrating the existence of an enforceable arbitration agreement. *Id.* at 597–98.

■ A party seeking to compel arbitration must satisfy a two-pronged burden of proof. *Mislenkov v. Accurate Metal Detinning, Inc.,* 743 N.E.2d 286, 289 (Ind. Ct.App.2001). First, the party must demonstrate the existence of an enforceable agreement to arbitrate the dispute. *Id.* Second, the party must prove that the disputed matter is the type of claim that the parties agreed to arbitrate. *Id.* Once the court is satisfied that the parties contracted to submit their dispute to arbitration, the court is required by statute to compel arbitration. *Id.* When determining

---

1. Daimler, as manufacturer of the vehicle, supplied Franklin with express warranties contained in a warranty booklet.

2. The parties' pending motions are hereby denied.

whether the parties have agreed to arbitrate a dispute, we apply ordinary contract principles governed by state law. *Showboat Marina,* 790 N.E.2d at 598; *Mislenkov,* 743 N.E.2d at 289. In addition, when construing arbitration agreements, every doubt is to be resolved in favor of arbitration, and the parties are bound to arbitrate all matters, not explicitly excluded, that reasonably fit within the language used. *Showboat Marina,* 790 N.E.2d at 598. However, parties are only bound to arbitrate those issues that by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication. *Id.* The court should attempt to determine the intent of the parties at the time the contract was made by examining the language used to express their rights and duties. *Id.* at 597. Words used in a contract are to be given their usual and common meaning unless, from the contract and the subject matter thereof, it is clear that some other meaning was intended. *Id.*

Here, Daimler seeks to invoke the arbitration clause in its dispute with Franklin. However, the retail sales contract was entered into by Franklin and Community, not Daimler. Community assigned its interest in the contract to Chrysler Financial Company, LLC ("Chrysler Financial"). Franklin's claims were against Daimler, not Community or Chrysler Financial. Thus, they do not fall within the scope of the mandatory arbitration clause. Daimler points out that the clause was "broadly written to cover all claims arising out of the contract, including resulting transactions or relationships with third parties who did not sign the contract." *Appellant's Brief* at 4. Thus, Daimler claims the benefit of the arbitration clause as a stranger to the contract. Generally, only those who are parties to a contract or those in privity with a party

have the right to enforce the contract. *Mislenkov,* 743 N.E.2d at 289. Privity has been defined as " 'mutual or successive relationships to the same right of property, or an identification of interest of one person with another as to represent the same legal right.' " *Id.* (quoting *Riehle v. Moore,* 601 N.E.2d 365, 371 (Ind.Ct.App. 1992), *trans. denied* ).

We faced the issue of privity in similar circumstances in *Hyundai Motor America, Inc. v. Goodin,* 804 N.E.2d 775 (Ind. Ct.App.2004), *trans. granted.* We note that our supreme court has since granted transfer in this case. Nonetheless, we still find the reasoning of our opinion persuasive. In that case, the plaintiff purchased a Hyundai automobile. Like Franklin, the plaintiff began experiencing problems with the automobile and authorized repair centers were unable to successfully repair the problems. The plaintiff then sued Hyundai alleging breach of express warranty, breach of implied warranty, and revocation of acceptance. The case was tried to a jury that returned a verdict in favor of the plaintiff on her breach of implied warranty claim.

On appeal, we reversed the judgment in favor of the plaintiff. We noted that in Indiana, privity between the buyer and seller is generally required to maintain a cause of action on an implied warranty of merchantability claim. We explained that there are only two exceptions to the privity requirement: where the immediate seller of a product is an agent of the manufacturer or where the manufacturer participated significantly in the sale of the product. We determined that neither of those exceptions applied in *Hyundai,* where the facts showed a routine car dealer/car manufacturer relationship. We held that "the mere existence of a manufacturer-dealer relationship is insufficient to make the dealer an agent of the manufacturer for

purposes of the privity requirement." *Id.* at 787. Because the plaintiff failed to demonstrate the existence of privity between her and Hyundai and that neither exception applied, we reversed the judgment in her favor. *Id.*

Here, Daimler, like Hyundai, is not in privity with the consumer, Franklin, and therefore cannot enjoy the benefit of the terms of Franklin's contract with Community.

■ Finally, we note that Daimler is not an intended third-party beneficiary of the contract between Franklin and Community. To enforce a contract under this theory, the claimant must show 1) a clear intent by the parties to the contract to benefit the third party, 2) a duty imposed on one of the contracting parties in favor of the third party, and 3) performance of the contract. *Angell Enters., Inc. v. Abram & Hawkins Excavating Co., Inc.,* 643 N.E.2d 362, 365 (Ind.Ct.App.1994). Here, the body of the contract and the arbitration agreement between Community and Franklin does not reference Daimler and does not show a clear intent to benefit it. Accordingly, Daimler could not have been an intended third-party beneficiary of the contract, and it may not rely on the arbitration provision. The trial court did not err in denying Daimler's motion to dismiss and compel arbitration.

■■ Franklin argues that he should recover appellate attorney's fees for defending his IMVPA judgment on appeal. Generally, the right to recover attorney's fees from one's opponent does not exist in the absence of a statute or some agreement. *State Bd. of Tax Comm'rs v. Town of St. John,* 751 N.E.2d 657, 659 (Ind. 2001). However, IC 24–5–13–22 provides that a consumer who prevails in an IMVPA claim is entitled to recover as part of the judgment the amount of his or her cost and expenses, including attorney's fees

based on actual time expended by the attorney determined by the court to have been reasonably incurred by the consumer "for or in connection with the commencement and prosecution of the action."

In *Beeson v. Christian,* 594 N.E.2d 441, 443 (Ind.1992), our supreme court interpreted similar language in the statute allowing for fee-shifting in dissolution proceedings. That statute included a provision that allowed the trial court to order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding in connection with the marriage dissolution. The court explained that this statute included the award of reasonable appellate attorney's fees. *Id.*

Similarly, IC 24–5–13–22 does not expressly exclude appellate attorney's fees. Rather, it creates a fee-shifting scheme that allows a successful plaintiff to recover his or her expenses incurred in the prosecution of the action. Certainly, Franklin's appellate attorney's fees were incurred in the prosecution of the action. We find the language of the statute broad enough to encompass appellate attorney's fees. We hereby remand to the trial court for a determination of a reasonable amount of appellate attorney's fees in this case.

■ Finally, Daimler appeals the trial court's award to Franklin of trial attorney's fees. The award or denial of attorney's fees is within the sound discretion of the trial court, and in the absence of an affirmative showing of error or abuse of discretion we must affirm its order. *Malachowski v. Bank One, Indianapolis, N.A.,* 682 N.E.2d 530, 533 (Ind.1997); *Patricia Ann Brown, C.P.A. v. Brown,* 776 N.E.2d 394, 397 (Ind.Ct.App.2002), *trans. denied* (2003). An abuse of discretion occurs when the trial court's award is clearly against the logic and effect of the facts and

circumstances before the court. *Brown*, 776 N.E.2d at 397. A trial court's decision as to the amount of attorney's fees is also reviewed under an abuse of discretion standard. *Evans v. Tuttle by Tuttle*, 645 N.E.2d 1119, 1121 (Ind.Ct.App.1995). An award of attorney's fees will be reversed on appeal as excessive only where an abuse of the trial court's discretion is apparent on the face of the record. *Owen v. Vaughn*, 479 N.E.2d 83, 88 (Ind.Ct.App. 1985).

■ Daimler makes numerous challenges to the trial court's award of attorney's fees. It alleges multiple entries, an hourly rate not justified by the locality, and entries for purely clerical, not legal, duties. It first argues that attorney's fees were charged for clerical, non-legal services. Franklin's attorneys submitted itemized time sheets to the trial court detailing the amount of time spent by the two attorneys and one paralegal who worked on Franklin's case. Daimler points to numerous time entries by the paralegal for copying and mailing documents. While Daimler concedes that a paralegal's time may be included in the award of attorney's fees, it argues that inclusion is only appropriate when the paralegal is performing legal services that involve professional legal skills.

IC 1–1–4–6 defines a paralegal as a person who works under the direction of an attorney in a capacity that involves the performance of substantive legal work that usually requires a sufficient knowledge of legal concepts and would be performed by the attorney in the absence of the paralegal. Subsection (b) of that statute states that "[a] reference in the Indiana Code to attorney's fees includes paralegal's fees." However, it is error to award support staff costs as an element of reasonable attorney's fees. *Johnson v. Naugle*, 557 N.E.2d 1339, 1344 (Ind.Ct.App.1990).

In this case, the paralegal's hourly rate was $100. We find that the trial court abused its discretion in including her fees for copying and mailing documents, which is work that requires no particular knowledge of legal concepts and is more in the nature of clerical or support staff work.

■ Daimler also argues that the time entries were excessive and redundant of other entries. The statute provides that a plaintiff may recover attorney's fees based on "actual time expended by the attorney" in prosecution of the case. Daimler stops short of arguing that the time entries were falsified and did not represent the attorneys' actual time. Moreover, the trial court had the entries before it and observed the course of the litigation firsthand. Thus, it was in the best position to evaluate the time entries of Franklin's attorneys. We cannot say that it abused its discretion in awarding attorney's fees for the entries Daimler challenges.

■ Daimler also argues that the overall amount of attorney's fees awarded was unreasonably large and that the hourly rate of the legal personnel involved was unreasonably high for the community and the degree of complexity of the case. However, Rule 1.5 of the Indiana Rules of Profession Conduct sets out a number of factors that can determine a reasonable fee, including:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent."

Thus, the customary fee and the complexity of the case are only two of the factors that the trial court could have considered in determining that its award was appropriate. Moreover, the reasonableness of attorney's fees is a matter regarding which the judge, being a lawyer, may take judicial notice. *Brames v. Crates*, 399 N.E.2d 437, 442 (Ind.Ct.App.1980). Under the circumstances, we cannot say that the trial court abused its discretion in its award of attorney's fees.

We affirm the trial court's decision denying Daimler's motion to compel arbitration, and affirm the trial court's decision to award trial attorney's fees. However, we reverse the trial court's inclusion of paralegal's fees for clerical work and remand for a redetermination of the amount of trial attorney's fees and for a determination of the proper amount of appellate attorney's fees.

Affirmed in part, reversed in part, and remanded.

NAJAM, J., and RILEY, J., concur.