**TWH, INC., d/b/a Tom Wood Honda, Appellant–Defendant,**

v.

**Jennifer BINFORD, Appellate–Plaintiff.**

No. 48A02–0805–CV–441.

Court of Appeals of Indiana.

Dec. 29, 2008.

Ronald C. Smith, Jeffrey B. Halbert, Stewart & Irwin, P.C., Indianapolis, IN, Attorneys for Appellant.

## OPINION

NAJAM, Judge.

### STATEMENT OF THE CASE

TWH, Inc., d/b/a Tom Wood Honda ("TWH"), brings this interlocutory appeal from the trial court's denial of its motion to compel arbitration in this action on Jennifer Binford's complaint alleging breach of warranty and fraud against TWH. TWH presents several issues for our review, but we address a single, dispositive issue, namely, whether the trial court erred when it denied TWH's motion to compel arbitration.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On May 18, 2006, Binford bought a used car for her son Aaron from TWH. Binford, alone, signed a purchase agreement ("purchase agreement") with TWH, and both Binford and Aaron signed a retail installment contract ("installment contract") with TWH. The purchase agreement includes a provision that the parties will arbitrate if "any Dispute arises" out of the contract. Appellant's App. at 39. The installment contract does not include an arbitration provision.

On September 26, 2006, after Aaron began experiencing problems with the car, Binford filed a complaint against TWH alleging breach of the implied warranty of merchantability and fraud. After filing an answer, TWH filed a motion to compel arbitration. Thereafter, Aaron filed a petition for permissive joinder, which the trial court granted without objection by TWH. Following a hearing, the trial court denied TWH's motion to compel arbitration. This interlocutory appeal ensued.

## DISCUSSION AND DECISION

 TWH contends that the trial court erred when it denied TWH's motion to compel arbitration.[1] We review a trial court's denial of a motion to compel arbitration de novo. *Daimler Chrysler Corp. v. Franklin*, 814 N.E.2d 281, 284 (Ind.Ct. App.2004). A party seeking to compel arbitration must satisfy a two-pronged burden of proof. *Id.* First, a party must demonstrate the existence of an enforceable agreement to arbitrate the dispute. *Id.* Second, the party must prove that the disputed matter is the type of claim that the parties agreed to arbitrate. *Id.* Once the court is satisfied that the parties contracted to submit their dispute to arbitration, the court is required by statute to compel arbitration. *Id.*

Here, in denying TWH's motion to compel arbitration, the trial court stated that, while it "largely agrees with [TWH]'s arguments on the issue," it found that TWH

> failed to obtain Aaron Binford's signature on that portion of the contract which would mandate arbitration of this dispute. The "contract" under which Aaron Binford has joined as plaintiff in the suit is not automatically the same contract signed by his mother; while agreements to arbitrate are favored, it must be clear that all parties so agreed.

Appellant's App. at 77. On appeal, TWH maintains that, because Aaron's claims are "the same or substantially similar to those of [Binford] and relate to the purchase of a 1998 Pontiac Grand Prix from Tom Wood Honda on May 18, 2006[,]" he is bound by the arbitration provision of the purchase agreement. Appellant's Brief at 17. TWH argues that "Aaron Binford cannot selectively choose those rights he seeks to enforce under the Purchase Agreement and, in turn, disavow other provisions set forth in the same document." *Id.* On this

---

1. Neither Binford nor Aaron has filed an appellee's brief. Binford moved this court to "suspend" the briefing schedule or, in the alternative, for an extension of time to file an appellee's brief. But after Binford's counsel failed to timely cure a defect in his appearance, a motions panel of this court directed the clerk of this court to "unfile" Binford's motion. Binford refiled the same motion on November 21, 2008, but we directed the clerk of this court to deny that motion. Accordingly, we address TWH's appeal without the benefit of an appellee's brief. In such instances, we need not undertake the burden of developing arguments for the appellee. *Railing v. Hawkins*, 746 N.E.2d 980, 982 (Ind.Ct.App. 2001). Applying a less stringent standard of review, we may reverse the trial court when the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.*

issue of first impression for our court, we must agree with TWH.

■ Initially, while Aaron did not sign the purchase agreement, he averred in his petition for permissive joinder that "he is the co[ ]purchaser of a certain automobile which is the subject of litigation herein." Appellant's App. at 68. We hold that this statement constitutes a judicial admission and binds Aaron to the arbitration provision in the purchase agreement. A judicial admission, that is, an admission in a current pleading or made during the course of trial, is conclusive upon the party making it and relieves the opposing party of the duty to present evidence on that issue. *Waugh v. Kelley*, 555 N.E.2d 857, 859 (Ind.Ct.App.1990). Here, Aaron admitted that he is the copurchaser of the automobile. There was no purchase without the purchase agreement, which includes the arbitration provision. Not only has Aaron judicially admitted that he is a copurchaser binding himself to that agreement, but in joining Binford's complaint he seeks to recover under the purchase agreement and is, therefore, bound thereby.

In the context of a third party beneficiary contract, Professor Williston has observed that where a contract contains a legally enforceable arbitration clause, "the general view is that the beneficiary is bound by it to the same extent that the promisee is bound." WILLISTON ON CONTRACTS § 37:24 at 154 (4th ed.2000). Accordingly, courts have held that a "beneficiary should not be able to sue for breach of contract and simultaneously disavow a term of the contract that required submission of disputes to arbitration." *Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs. Ltd. P'ship*, 109 Md.App. 217, 674 A.2d 106, 143 (1996), *trans. granted, aff'd by* 346 Md. 122, 695 A.2d 153 (1997); *see also District Moving & Storage Co. v.*

*Gardiner & Gardiner, Inc.*, 63 Md.App. 96, 492 A.2d 319, 323 (1985), *trans. granted, aff'd by* 306 Md. 286, 508 A.2d 487 (1986); *Zac Smith & Co., Inc. v. Moonspinner Condominium Ass'n, Inc.*, 472 So.2d 1324, 1324 (Fla.App.1985).

We believe the same rule applies where, as here, a party seeks both to bring a claim under a contract and disavow a term therein. While Binford and Aaron are not suing for breach of contract, their claim of breach of warranty of merchantability derives from the purchase agreement. *See* Ind.Code § 26–1–2–314 ("a warranty that the goods shall be merchantable is implied in a contract for their sale"). And their claim of fraud likewise arises out of the purchase agreement. *See, e.g., Dexter Axle Co. v. Baan USA, Inc.*, 833 N.E.2d 43, 50 (Ind.Ct.App.2005) (holding fraud claim arose out of parties' contract and was, therefore, subject to forum selection clause in contract). As copurchasers, Binford and Aaron cannot both seek affirmative relief from the transaction and disavow the arbitration provision in the purchase agreement. Thus, we hold that Binford and Aaron are bound by the arbitration provision in the purchase agreement. And TWH has met the first prong of its burden of proof, namely, proving the existence of an enforceable arbitration agreement. *See DaimlerChrysler Corp.*, 814 N.E.2d at 284.

■ Next, we address whether TWH has proven that the disputed matter is the type of claim that the parties agreed to arbitrate. *See id.* The purchase agreement states, in relevant part, that "[i]f any Dispute arises, Customer and Dealer agree that the Dispute will be resolved by binding arbitration by a single arbitrator under the Arbitration provisions of the Indiana rules for Alternative Dispute Resolution then in effect." Appellant's App. at

25. And the purchase agreement defines "dispute" as

> any controversy, dispute or claim (whether based upon contract; tort, intentional or otherwise; state and/or federal constitution; state and/or federal statute; state and/or federal regulation; common law; and/or equity and whether pre-existing, present, or future) arising out of, in connection with, and/or relating to the transaction and the vehicle purchased or leased by Customer from Dealer. The term "Dispute" includes, but is not limited to, claims, counterclaims, and third party claims relating to the negotiation, execution, and/or breach of any Vehicle Order Agreement, bill of sale, and/or any other agreement or contract between Dealer and Customer relating to the vehicle purchased or leased by Customer or provided at the time the vehicle was purchased or leased within ninety (90) days thereafter, and/or any questions regarding whether a matter is subject to arbitration under this Agreement and/or the validity of this Agreement.

*Id.* Given the broad language of those provisions, there is no doubt that Binford's and Aaron's claims are the types of claims that they agreed to arbitrate. TWH has satisfied the second prong of its burden of proof. We reverse and, on remand, instruct the trial court to grant TWH's motion to compel arbitration and to enter judgment accordingly.

Reversed and remanded with instructions.

BAKER, C.J., and KIRSCH, J., concur.