# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**GROVER B. DAVIS**
**JAMES T. FLANIGAN**
McClure McClure & Davis
Indianapolis, Indiana

ATTORNEY FOR APPELLEES:

**SARAH GRAZIANO**
Hensley Legal Group, PC
Indianapolis, Indiana



FILED

Feb 06 2013, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| PEKIN INSURANCE COMPANY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 55A04-1208-CT-401 |
| | ) | |
| JOSE and CAROL HANQUIER, | ) | |
| | ) | |
| Appellees-Plaintiffs, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOSEPH HALL,[1] | ) | |
| | ) | |
| Appellee-Defendant. | ) | |

INTERLOCUTORY APPEAL FROM THE MORGAN CIRCUIT COURT
The Honorable Matthew G. Hanson, Judge
Cause No. 55C01-1006-CT-648

February 6, 2013

**OPINION - FOR PUBLICATION**

**KIRSCH, Judge**

---

[1] Joseph Hall, who is a party of record in the case below, has not actively participated in this appeal but, pursuant to Indiana Appellate Rule 17(A), a party of record in the trial court is a party on appeal.

Pekin Insurance Company ("Pekin") appeals the trial court's order denying Pekin's motion to correct error. Pekin raises the following restated issue on appeal: whether the trial court erred in failing to enforce the arbitration provision of the Pekin insurance policy as mandated by Indiana Code section 34-57-2-3.

We reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

This case arises from a motor vehicle collision that occurred on March 19, 2008 in Morgan County, Indiana. On that date, Carol Hanquier ("Carol") was stopped at a traffic signal when a vehicle driven by Joseph Hall ("Hall") collided with the rear of Carol's vehicle. As a result of the collision, Carol sustained severe injuries. On March 1, 2010, Jose and Carol Hanquier (together "the Hanquiers") filed a complaint against Hall and Pekin. In addition to seeking damages from Hall, the Hanquiers sought underinsured motorist benefits from their insurer, Pekin.

The provision for underinsured motorist benefits contained in the Hanquiers' insurance policy with Pekin included an arbitration clause that provided as follows:

**ARBITRATION**

If we and an "insured" do not agree:

>    1. Whether that person is legally entitled to recover damages under
>       this endorsement; or
>
>    2. As to the amount of damages;

either party may make a written demand for arbitration . . . .

2

*Appellant's App*. at 23. Pekin made its written demand for arbitration to counsel for the Hanquiers in a letter dated April 21, 2010. On April 22, 2010, Pekin filed its "Motion to Stay Pending Arbitration" with the trial court. *Id*. at 30. The Hanquiers filed their "Response in Opposition to [Pekin's Motion to] Stay Pending Arbitration," contending that the policy language was permissive rather than mandatory and that arbitration was not proper because the Hanquiers' claims against Hall had not been resolved. *Id*. at 33-34. After a hearing on Pekin's motion to stay, the trial court denied the motion.

On January 26, 2012, after being granted leave to file an amended complaint, the Hanquiers filed an amended complaint for damages. Pekin again filed a motion to stay the proceedings pending arbitration. The trial court initially granted the motion, but reconsidered and denied the motion after the Hanquiers filed a response. Pekin filed a motion to correct error and "Application for an Order to Arbitrate (with Stay)." *Id*. at 91. Pekin requested that the trial court compel arbitration pursuant to Indiana Code section 34-57-2-3. *Id*. at 92. On July 11, 2012, the trial court denied Pekin's motion. Pekin now appeals.

**DISCUSSION AND DECISION**

We review a trial court's denial of a motion to compel arbitration de novo. *TWH, Inc. v. Binford*, 898 N.E.2d 451, 453 (Ind. Ct. App. 2008) (citing *Daimler Chrysler Corp. v. Franklin,* 814 N.E.2d 281, 284 (Ind. Ct. App. 2004)). A party seeking to compel arbitration must satisfy a two-pronged burden of proof. *Id.* First, a party must demonstrate the existence of an enforceable agreement to arbitrate the dispute. *Id.* Second, the party must prove that the disputed matter is the type of claim that the parties agreed to arbitrate. *Id.*

3

Once the court is satisfied that the parties contracted to submit their dispute to arbitration, the court is required by statute to compel arbitration. *Safety Nat'l Cas. Co. v. Cinergy Corp.*, 829 N.E.2d 986, 1000 (Ind. Ct. App. 2005) (citing Ind. Code § 34-57-2-3(a)), *trans. denied.*

Pekin argues that the trial court erred in failing to enforce the arbitration provision of its policy with the Hanquiers as mandated by Indiana Code section 34-57-2-3. Pekin contends that its policy provided that arbitration was mandatory when requested by either the insurer or the insured. It claims that this policy language was unambiguous and must be given its plain and ordinary meaning. Pekin asserts that the policy plainly provided that either party may make a written demand for arbitration, and that once such a demand is made, the policy provides the mandatory procedure for arbitration.

If the language in an insurance policy is clear and unambiguous, it should be given its plain and ordinary meaning. *Newnam Mfg., Inc. v. Transcon. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007) (citing *Eli Lilly Co. v. Home Ins. Co.,* 482 N.E.2d 467, 470 (Ind. 1985)), *trans. denied*. An ambiguity does not exist simply because a controversy exists between the parties, each favoring an interpretation contrary to the other. *Id*. (citing *Linder v. Ticor Title Ins. Co. of Cal., Inc.,* 647 N.E.2d 37, 39 (Ind. Ct. App. 1995)). Under Indiana law, an insurance policy is ambiguous if reasonable persons may honestly differ as to the meaning of the policy language. *Id.* Where there is ambiguity, insurance policies are to be construed strictly against the insurer. *Id*. (citing *Am. States Ins. Co. v. Kiger,* 662 N.E.2d 945, 947 (Ind. 1996)).

4

The Pekin policy provision for underinsured motorist coverage provides in pertinent part:

**ARBITRATION**

If we and an "insured" do not agree:
1. Whether that person is legally entitled to recover damages under this endorsement; or
2. As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will:
1. Pay the expenses it incurs; and
2. Bear the expenses of the third arbitrator equally.

Unless both parties agree otherwise arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding as to:
1. Whether the "insured" is legally entitled to recover damages; and
2. The amount of damages. . . .

*Appellant's App*. at 104-05.

The Hanquiers argue that the word "may" in the policy makes arbitration permissive and not mandatory. They contend that a reasonable interpretation of the policy is that the parties are permitted to submit disagreements to arbitration, but not that arbitration is unequivocally required should either party demand it. Pekin acknowledges that the term "may" is permissive and that, in general, the arbitration provision in the policy is permissive, not mandatory. However, once a demand for arbitration is made, the provision becomes mandatory. We agree with Pekin's assertion.

Under the policy, either Pekin or the insured "may" make a demand for arbitration, but neither is required to make such a written demand. However, once either party makes a

written demand for arbitration, arbitration becomes mandatory. The policy provides that after either party submits a written request for arbitration, "each party *will* select an arbitrator. The two arbitrators *will* select a third. . . . Each party *will* . . . [b]ear the expenses of the third arbitrator equally. A decision agreed to by two of the arbitrators *will* be binding . . . ." *Id.* at 104. After a written demand for arbitration is made, the language of the policy is no longer permissive. "Will" is defined as "[a]n auxiliary verb commonly having the mandatory sense of "shall" or "must." Black's Law Dictionary 823 (5th ed. 1983).

We find no ambiguity in the policy language. Pursuant to the language, arbitration is not mandatory until either the insurer or the insured makes a written demand for arbitration. However, it is clear that once a demand is made by either party, arbitration then becomes mandatory for both of the parties. Indiana recognizes a strong policy favoring the enforcement of arbitration agreements. *Koors v. Steffen*, 916 N.E.2d 212, 215 (Ind. Ct. App. 2009) (citing *Ind. CPA Soc'y, Inc. v. GoMembers, Inc.,* 777 N.E.2d 747, 750 (Ind. Ct. App 2002)). Once the court is satisfied that the parties contracted to submit their disputes to arbitration, it is required by statute to compel arbitration. *Id.* Indiana Code section 34-57-2-3(a) states in pertinent part: On application of a party showing a written agreement to submit to arbitration, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration. Therefore, we conclude that the trial court erred when it failed to enforce the arbitration provision of the Pekin policy as required by Indiana Code section 34-57-2-3(a).

6

Pekin further contends that the Hanquiers' action against Pekin must be stayed pending arbitration. In *GoMembers*, a panel of this court concluded that "a superior resolution [when determining whether to stay or dismiss litigation pending arbitration] is to allow the courts to exercise their discretion to either stay or dismiss litigation based on the nature of the contested issues that should be first submitted to arbitration." 777 N.E.2d at 752. "A stay, rather than a dismissal, is perhaps favorable where certain claims remain that are not subject to arbitration, but dismissal is proper where all issues raised must be submitted to arbitration." *Koors*, 916 N.E.2d at 218.

In the present case, the Hanquiers' claims against Hall are not subject to arbitration. Therefore, a stay of the litigation as to Pekin would be the preferred procedure. This procedure would be consistent with Indiana Code section 34-57-2-3(d), which states:

> Any action or proceeding involving an issue subject to arbitration shall be stayed if an order for arbitration or an application for an order for arbitration has been made under this section . . ., or, if the issue is severable, the stay may be with respect to the issue only. When the application is made in such an action or proceeding, the order for arbitration must include such a stay.

We conclude that the trial court erred in failing to issue a stay of the proceedings as to Pekin pending arbitration. We reverse the trial court's order and remand with instructions to enter an order compelling arbitration and staying the proceedings as to claims against Pekin until the completion of arbitration.

Reversed and remanded with instructions.

MATHIAS, J., and CRONE, J., concur.