**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**BRIAN D. SALWOWSKI**
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARCO PUENTE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1211-PL-940 |
| | ) | |
| STARK LEASING COMPANY, INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1009-PL-42233

**July 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellant-Defendant Marco Puente leased a 2002 Porsche 911 Carrera 4 from Appellee-Plaintiff Stark Leasing Company, Inc. ("Stark"). Puente terminated the lease prior to the completion of the lease term. Stark filed suit to recover certain funds which it claimed were owed by Puente under the parties' lease agreement. Following an evidentiary hearing, the trial court found in favor of Stark. On appeal, Puente claims that the trial court erred in entering a judgment against him and in awarding attorney's fees to Stark. We affirm in part, reverse in part, and remand to the trial court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

In September of 2007, Nicholas Arterburn leased a 2002 Porsche 911 Carrera 4 ("the Porsche") from Stark. On January 1, 2008, Arterburn, with Stark's consent, assigned his interest in the lease to Puente. Puente eventually returned the Porsche to Stark prior to the end of the lease period, claiming that Stark did not provide him with the documents necessary to register the Porsche with the State of Indiana Bureau of Motor Vehicles. After a few months, Stark was able to re-lease the Porsche.

Stark filed an action in small claims court alleging that Puente was liable for five payments of $547 as a result of his breach of the lease agreement. Following resolution by the small claims court, the matter was appealed to the trial court. On October 3, 2012, the trial court conducted an evidentiary hearing on the matter. Following the October 3, 2012 evidentiary hearing, the trial court entered judgment against Puente in the amount of $2702.35 plus $1800.00 in attorney's fees. This appeal follows.

## DISCUSSION AND DECISION

2

Initially, we note that the Marion County Small Claims rule for appeals states that when a case is appealed from the Small Claims Court to the Superior Court, the case is tried de novo, with the pleadings essentially beginning anew, and is governed by the rules of the Superior Court. *Martin v. Eggman*, 776 N.E.2d 928, 931 (Ind. Ct. App. 2002). We also note that Stark did not file an appellee's brief.

> When an appellee fails to file a brief, we apply a less stringent standard of review. *McKinney v. McKinney*, 820 N.E.2d 682, 685 (Ind. Ct. App. 2005). We are under no obligation to undertake the burden of developing an argument for the appellee. *Id.* We may, therefore, reverse the trial court if the appellant establishes prima facie error. *Id.* "Prima facie" is defined as "at first sight, on first appearance, or on the face of it." *Id.*

*Deckard v. Deckard*, 841 N.E.2d 194, 199 (Ind. Ct. App. 2006).

## I. Whether the Trial Court Erred in Failing to Dismiss Stark's Lawsuit in Light of Stark's Failure to Join an Allegedly Indispensable Party

Puente contends that the trial court erred by failing to dismiss Stark's lawsuit in light of Stark's failure to join an allegedly indispensable party. Specifically, Puente claims that Arterburn was an indispensable party to Stark's lawsuit.

With respect to the joinder of an indispensable party, Indiana Trial Rule 19 provides

> **(A) Persons to be joined if feasible.** A person who is subject to service of process shall be joined as a party in the action if:
> (1) in his absence complete relief cannot be accorded among those already parties; or
> (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may:
>> (a) as a practical matter impair or impede his ability to protect that interest, or
>> (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by

3

reason of his claimed interest.

If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant.

**(B) Determination by court whenever joinder not feasible.** Notwithstanding subdivision (A) of this rule when a person described in subsection (1) or (2) thereof is not made a party, the court may treat the absent party as not indispensable and allow the action to proceed without him; *or* the court may treat such absent party as indispensable and dismiss the action if he is not subject to process. In determining whether or not a party is indispensable the court in its discretion and in equity and good conscience shall consider the following factors:

(1) the extent to which a judgment rendered in the person's absence might be prejudicial to him or those already parties;
(2) the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided;
(3) whether a judgment rendered in the person's absence will be adequate;
(4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

(Emphasis Added).

It is within the trial court's discretion to determine the indispensability of a party. *Rollins Burdick Hunter of Utah, Inc. v. Bd. of Trs. of Ball State Univ.*, 665 N.E.2d 914, 920 (Ind. Ct. App. 1996). An action need not be dismissed merely because an indispensable party was not named. *Lutheran Hosp. of Fort Wayne, Inc. v. Dep't of Pub. Welfare of Allen Cnty.*, 397 N.E.2d 638, 647 (Ind. Ct. App. 1979). Where an indispensible party subject to process is not named, the correct procedure calls for an order in the court's discretion that he be made a party to the action *or* that the action should continue without him. *Id*.

*Skyline Roofing & Sheet Metal Co., Inc. v. Ziolkowski Const., Inc.*, 957 N.E.2d 176, 189 (Ind.

Ct. App. 2011) (emphasis added).

While Puente argues that the court erred by failing to dismiss Stark's complaint

against him in light of Stark's failure to join Arterburn, Trial Rule 19 and our opinion in

*Skyline Roofing* indicate otherwise. Trial Rule 19 and *Skyline Roofing* clearly state that it is

within the trial court's discretion to either treat the absent party as not indispensable and allow the action to proceed without him *or* treat such absent party as indispensable and dismiss the action if he is not subject to process. Here, the trial court treated Arterburn as not indispensable and allowed the proceedings to continue without him. The trial court acted within its discretion in this regard. *See Id.*; Trial Rule 19.

## II. Whether the Trial Court Erred in Entering Judgment Against Puente

Puente alternatively contends that if the trial court did not err in failing to dismiss Stark's lawsuit, then the trial court erred in entering judgment against him. Specifically, Puente argues that the trial court should not have entered judgment against him because Stark breached the lease agreement by failing to issue certain documents needed to register the Porsche to Puente after Stark approved the assignment of Arterburn's lease to him. During the October 3, 2012 evidentiary hearing, a representative of Stark explained that the registration documents were not turned over to Puente because Puente

> came in and said that, um, for the same reason that he was tax exempt that he was a car dealer, he was a wholesale dealer, he sold cars, he either had a lot or whole saled (sic) them, whatever, so he requested not to get the plates because he was going to use his dealer plate to drive the vehicle and I accepted that as, as, um, not having to charge him for any plates or to go get the plates because that's what he was using.

Tr. p. 19. The representative of Stark further stated that, at the time, he believed Puente could use his dealer plate in this manner, and that he did not learn until a later time that it was illegal for Puente to use his dealer plate for personal use. (Tr. 25) The trial court, acting as the trier of fact, was free to credit the testimony of Stark's representative in this regard. *See generally In re C.G.*, 954 N.E.2d 910, 920-21 (Ind. 2011) (recognizing that trial judges are in

the best place to assess witness credibility, and, as a result, reviewing courts give due regard to the trial court's opportunity to judge the credibility of the witnesses). In light of Puente's statements to Stark's representative regarding Puente's intention to use his dealer plate on the Porsche, we find Puente's argument in this regard unconvincing. As such, we conclude that the trial court did not err in entering judgment against Puente.

### III. Whether the Trial Court Erred in Awarding Stark Attorney's Fees

Puente also contends that the trial court erred in awarding Stark attorney's fees. We note that "[g]enerally, the right to recover attorney's fees from one's opponent does not exist in the absence of a statute or some agreement." *Daimler Chrysler Corp. v. Franklin*, 814 N.E.2d 281, 286 (Ind. Ct. App. 2004). Here, however, the lease agreement specifically provided for the recovery of attorney's fees.

In challenging the award of attorney's fees, Puente argues that the trial court's award of $1800 was unreasonable. The court's determination of a reasonable attorney's fee must be based on evidence presented at trial which fairly tends to prove the amount due. *Smith v. Kendall*, 477 N.E.2d 953, 954 (Ind. Ct. App. 1985). The reasonableness of an award of attorney's fees depends on a number of circumstances, such as the amount in controversy, the number and seriousness of the questions involved, the difficulties encountered in prosecuting the action, as well as the time and labor employed. *See id.* at 955. We review a trial court's decision to award attorney's fees for an abuse of discretion. *Franklin*, 814 N.E.2d at 286-87. "An award of attorney's fees will be reversed on appeal as excessive only where an abuse of the trial court's discretion is apparent on the face of the record." *Id.* at 287.

6

The proceedings relating to the lawsuit included proceedings before both the small claims court and the trial court. During the October 3, 2012 hearing, a representative of Stark testified that Stark had incurred attorney's fees in the "neighborhood of $1800" in connection to the instant matter. Tr. p. 12. The record does not contain any documentation supporting the representative of Stark's testimony as to the amount of attorney's fees actually incurred by Stark. Stark's attorney did not testify regarding counsel's hourly rate or the number of hours that counsel worked on Stark's behalf. Without any testimony from Stark's attorney or documentation supporting Stark's representative's testimony that Stark had incurred attorney's fees "in the neighborhood of $1800," we must conclude that the record is insufficient to support the trial court's award of attorney's fees. Accordingly, we reverse the trial court's award of attorney's fees and remand the matter to the trial court for a hearing on the issue of attorney's fees incurred through the trial in this case, not exceeding the $1800 originally awarded.

The judgment of the trial court is affirmed in part, reversed in part, and remanded for further proceedings.

RILEY, J., and BROWN, J., concur.