


FILED

Jul 19 2024, 8:48 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Mark Baker,

*Appellant-Defendant*

v.

Adam Pickering, Kathleen Pickering, Lauren Flanagan, and Kesslerwood East Lake Assoc., Inc.,

*Appellees-Plaintiffs*

---

July 19, 2024

Court of Appeals Case No.
23A-MI-1475

Appeal from the Marion Superior Court

The Honorable John M.T. Chavis, Judge

Trial Court Cause No.
49D05-2006-MI-18967

---

**Opinion by Judge Kenworthy**
Judges May and Vaidik concur.

**Kenworthy, Judge.**

## Case Summary

Mark Baker appeals after the trial court entered final judgment confirming an arbitration award in his case against Adam and Kathleen Pickering, Lauren Flanagan, and the Kesslerwood East Lake Association, Inc. (the "Association"). Baker presents two issues for our review: 1) did the trial court err in compelling arbitration; and 2) did the trial court prematurely confirm the arbitration award? Discerning no error in the trial court's decision to compel arbitration and concluding Baker invited any error in the timing of the trial court's entry of final judgment, we affirm.

## Facts and Procedural History[1]

Baker, the Pickerings, and Flanagan own neighboring properties in Lake Kesslerwood East Estates. Each property borders Lake Kesslerwood East (the "Lake"); the Pickerings' property is west of and next to Baker's property, and Flanagan's property is west of and next to the Pickerings' property. Each property owner is a member of the Association, a not-for-profit corporation

---

[1] Appellees request we strike certain portions of Baker's appendix (and references thereto in his brief) because it contains material submitted in the arbitration proceedings but never presented in the trial court. *See Appellees' Jt. Br.* at 40–41. Not only are these materials not part of the Record on Appeal (defined in Appellate Rule 2 as all papers, pleadings, documents, orders, judgments, and other materials *filed in the trial court* and all proceedings *before the trial court*), but they are irrelevant to the issues Baker has presented in this appeal. *See* App. R. 50(A)(1) (stating the purpose of an appendix is "to present the Court with copies of only those parts of the Record on Appeal that are necessary for the Court to decide the issues presented"). Accordingly, we have not considered those materials in deciding this appeal.

organized to own, maintain, and administer the neighborhood's common area, including the Lake. The Association is also responsible for enforcing the Declaration of Covenants and Restrictions (the "Declaration") which all Association members are required to sign and adhere to.

The Declaration creates an Architectural Review Board ("ARB") to maintain the common area and approve any applications for improvements or changes to the Lake or any lot. "The applicant Owner may appeal an adverse [ARB] decision to the Board of Directors of the Association, who may reverse or modify such decision[.]" *Appellant's App. Vol. 2* at 52–53. The Declaration includes certain rules about the placement and maintenance of docks in the Lake, including that they "shall be in length not to exceed 24 feet from the shoreline." *Id.* at 42. It also includes sections related to enforcement and arbitration:

> Enforcement. The Association [or] any Owner . . . shall have the right to enforce, by any proceeding at law or in equity, all restrictions, conditions, covenants, reservations, liens and charges now or hereafter imposed by the provisions of this Declaration. . . .
>
> * * *
>
> Arbitration. In the event of any dispute arising among the Members which cannot be decided by the Board of Directors or the [ARB], as appropriate, under the provisions of this Declaration, each party to the dispute having an individual and distinctly opposing position shall choose one (1) arbitrator and such arbitrators shall choose one (1) additional arbitrator and the

> decision by the three (3) arbitrators, made by a majority of all the arbitrators, shall be binding on each of the disputing parties.

*Id.* at 45–46.

[4] In 2018, with ARB approval, the Pickerings and Flanagan constructed a dock (the "Dock") extending from their properties into the Lake.[2] Baker then made efforts to minimize or restrict access to the Dock, such as installing poles next to the Dock and sinking a canoe near the Dock.

[5] In 2020, Baker sued the Pickerings, alleging the Dock was constructed "in a manner that violates the Declaration[]." *Appellant's App. Vol. 2* at 20. He alleged he was damaged because, among other things, the value of his property was diminished and the views from his property were impaired. The Pickerings filed an answer, counterclaims against Baker for allegedly obstructing their use of the Dock, a third-party complaint against the Association, and a motion to compel arbitration under the terms of the Declaration. Baker then amended his complaint to add the Association and Flanagan[3] as defendants. He also

---

[2] Before construction of the Dock, the Pickerings and Flanagan made and recorded an agreement providing for cross-easements on each other's property for the "construction and joint use and benefit" of the Dock "which will commonly serve and benefit" both properties. *Appellee's App. Vol. 2* at 2.

The Pickerings also constructed an ARB-approved deck on their property. Although Baker alleged in his complaint the deck infringed on the common area, the arbitrators determined the deck was not in the common area and not subject to the Declaration and therefore did not address it in the arbitration award. We have likewise omitted references to the deck.

[3] Flanagan filed an appearance in the trial court but did not participate in the arbitration and does not participate in this appeal. For this reason, we have limited references to Flanagan to those necessary for clarity.

objected to arbitration, claiming the arbitration clause in the Declaration "does not apply to [his] Complaint" and the Pickerings' motion "ignores other language contained within the Declaration which clearly allows Baker to pursue his action in this Court." *Id.* at 139. The Association consented to the Pickerings' motion to compel arbitration and stated its intention to "withhold[] . . . further presentation of its own claims and defenses in this matter pending resolution of that motion." *Id.* at 136.

[6] After a hearing, the trial court granted the motion to compel arbitration, finding the arbitration provision of the Declaration "sets forth an enforceable agreement to arbitrate the dispute and . . . the disputed matter is the type of claim that the parties agreed to arbitrate[.]" *Id.* at 164.[4] The parties participated in arbitration and the arbitrators served a copy of their Arbitration Order and Award on all parties on May 26, 2023. The arbitrators found for the Pickerings, Flanagan and/or the Association and against Baker on all of Baker's claims; in favor of the Pickerings on three of their four counterclaims against Baker; ordered injunctive relief against Baker; and awarded damages, costs, and fees to the Pickerings.

[7] On May 31, all parties—including Baker—filed a Joint Status Report with the trial court. This report advised the court of the resolution of the arbitration

---

[4] Baker appealed this decision, but a panel of this Court determined the order was not a final judgment and no provision of Rule 14 concerning interlocutory appeals applied, so his appeal was dismissed. *Baker v. Pickering*, 178 N.E.3d 347, 355 (Ind. Ct. App. 2021), *trans. denied*.

proceedings and asked the court to enter final judgment on the Arbitration Order and Award. The parties also tendered a proposed order. On June 1, the trial court signed the proposed Final Judgment incorporating the injunctive and compensatory relief ordered by the arbitrators.

Baker filed a Notice of Appeal on June 29, stating his intention to appeal several of the trial court's interlocutory orders as well as orders from the arbitration proceeding and the Final Judgment. His brief, however, raises issues related only to the trial court's order compelling arbitration and the timing of the Final Judgment.[5]

## The Trial Court Did Not Err in Ordering Arbitration

Baker argues the trial court erred in granting the Pickerings' Motion to Compel Arbitration, and in doing so, he asks us to interpret the Declaration. Contract interpretation issues are pure questions of law, and so we review them *de novo*.

---

[5] After Baker filed his Notice of Appeal and before any briefing was done, the Pickerings and the Association (the "Appellees") filed a motion to dismiss Baker's appeal, claiming Baker "has waived all of his appeal arguments by inviting the trial court to enter the final judgment confirming the May 26, 2023 Arbitration Award—a judgment he now claims (for the first time) is objectionable." Verified Motion to Dismiss Appeal as Waived at 4. In the alternative, the Appellees asked Baker's appeal to be limited to issues related to the trial court's order compelling arbitration. The Motions Panel of this Court held the Motion in abeyance for the writing panel and ordered the parties to brief the case.

In their joint brief, the Appellees ask us to grant their pending motion and dismiss Baker's appeal in its entirety. *See Appellees' Jt. Br.* at 20. But Baker has limited his issues on appeal to the arbitrability of this dispute and the timing of the entry of Final Judgment. Whether issues surrounding the arbitration award itself are waived is moot because they were never raised. Baker timely filed a notice of appeal from a final judgment, and the entry of that judgment and the interlocutory order compelling arbitration are appealable issues. *See Bojrab v. Bojrab*, 810 N.E.2d 1008, 1014 (Ind. 2004) (stating a claimed error in an interlocutory order may be raised on appeal from the final judgment). Accordingly, by separate order, we deny the Appellees' motion to dismiss and consider the issues raised by Baker.

*Lake Imaging, LLC v. Franciscan All., Inc.*, 182 N.E.3d 203, 206 (Ind. 2022). A *de novo* standard also applies to a trial court's decision on a motion to compel arbitration. *Doe v. Carmel Operator, LLC*, 160 N.E.3d 518, 521 (Ind. 2021).

[10] Indiana has long recognized a strong policy favoring enforcement of arbitration agreements. *Decker v. Star Fin. Grp., Inc.*, 204 N.E.3d 918, 920 (Ind. 2023); *see PSI Energy, Inc. v. AMAX, Inc.*, 644 N.E.2d 96, 98 (Ind. 1994) (referencing a territorial statute enacted before Indiana's statehood authorizing and regulating arbitrations). A party seeking to compel arbitration must first show the existence of an enforceable agreement to arbitrate the dispute. *Land v. IU Credit Union*, 218 N.E.3d 1282, 1286 (Ind. 2023), *aff'd on reh'g*, 226 N.E.3d 194 (Ind. 2024). Then the party must prove the disputed matter is the type of claim the parties agreed to arbitrate. *Progressive Se. Ins. Co. v. Empire Fire & Marine Ins. Co.*, 88 N.E.3d 188, 197 (Ind. Ct. App. 2017). Once the court is satisfied the parties contracted to submit their dispute to arbitration, the court is required by statute to compel arbitration. *See* Ind. Code § 34-57-2-3(a); *Est. of King by Briggs v. Aperion Care*, 155 N.E.3d 1193, 1194 (Ind. Ct. App. 2020), *trans. denied*.

[11] Here, the first prong is undisputed; Baker does not claim there is no valid agreement to arbitrate. He challenges only whether this type of dispute is subject to the agreement. Whether a particular claim must be arbitrated is a matter of contract interpretation. *Isp.com LLC v. Theising*, 805 N.E.2d 767, 775 (Ind. 2004). The court should attempt to determine the intent of the parties at the time the contract was made by examining the language used to express their rights and duties. *Daimler Chrysler Corp. v. Franklin*, 814 N.E.2d 281, 285 (Ind.

Ct. App. 2004). When construing arbitration agreements, "every doubt is to be resolved in favor of arbitration," and the parties are bound to arbitrate all matters that reasonably fit within the language used and are not explicitly excluded. *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 706 (Ind. 2012) (quotation omitted), *cert. denied*. That said, parties are only bound to arbitrate those issues they have agreed to arbitrate by clear language; arbitration agreements will not be extended by construction or implication. *Mislenkov v. Accurate Metal Detinning, Inc.*, 743 N.E.2d 286, 289 (Ind. Ct. App. 2001). In determining whether parties agreed to arbitrate a particular dispute, we decide whether the dispute, on its face, is within the language of the arbitration provision. *Progressive Se. Ins. Co.*, 88 N.E.3d at 194.

[12] In relevant part, the Declaration provides for arbitration "[i]n the event of any dispute arising among the Members which cannot be decided by the Board of Directors or the [ARB] . . . under the provisions of this Declaration[.]" *Appellant's App. Vol. 2* at 46. Baker contends this particular dispute is not subject to the arbitration clause because the clause "only applies to *unresolved disputes* among the *Members*." *Appellant's Br.* at 11–12 (emphasis added) (quotation omitted). He claims the clause does not apply because the Association is a party to this litigation but is not a Member. He also claims there is no unresolved dispute either because 1) no dispute "ever actually materialized" because Baker was not involved in the ARB decision about the Dock or 2) the ARB *did* resolve the dispute by approving the Dock. *Id.* at 14.

[13] Baker is correct that the Association is not a "Member" as defined by the Declaration. "Member" means "any person or entity holding membership in the Association as provided in Article IV," which in turn states "[e]very Owner of a Lot subject to assessment . . . shall be entitled and required to be a Member of the Association." *Appellant's App. Vol. 2* at 29, 33. Baker, the Pickerings, and Flanagan—as owners of lots in Lake Kesslerwood East Estates—are Members; the Association is not. But the fact the non-Member Association is a party to the litigation does not change the nature of the claim at the heart of this matter: a disagreement between neighbors over each other's use of their land. Baker sued the Pickerings because he was unhappy with the placement and design of the Dock and the Pickerings countersued because they were unhappy with Baker's conduct in response. As the Pickerings observe, if the arbitration clause could be defeated simply by naming a non-Member as a party, artful pleading would render the arbitration clause useless. The arbitration clause applies despite the Association being a named party.[6]

[14] Further, this dispute between Baker and the Pickerings could not be resolved by the ARB or the Board of Directors (the "Board"). No provision of the Declaration entitled Baker to be involved with the ARB process of considering and approving the Dock. If the ARB had denied the application, the *Pickerings*

---

[6] That the Association consented to arbitration eliminates any concern here over the enforceability of the arbitration clause against it. *Cf. Williams v. Orentlicher*, 939 N.E.2d 663, 670 (Ind. Ct. App. 2010) (noting where a party is not a signatory to an agreement requiring arbitration, it cannot generally be compelled to arbitrate but "when the nonsignatory concedes arbitrability on a contract issue, courts have routinely held the signatory to be bound by its arbitration clause"), *trans. dismissed*.

could have appealed to the Board. *See Appellant's App. Vol. 2 at 52–53* (provision of the Declaration stating the "applicant Owner" may appeal an adverse ARB decision). But there is no corresponding provision allowing Baker to appeal the *approval* of the application. Nor does the Declaration include a process by which this dispute between two Members could be placed before the ARB or the Board to resolve.

[15] We are bound to resolve all doubts in favor of arbitration, and the claims here reasonably fit within the language of the arbitration clause in the Declaration. The trial court did not err in compelling arbitration.

## Baker Invited Any Error in the Trial Court's Confirmation of the Arbitration Award

[16] Indiana Code Section 34-57-2-12 provides:

> Upon application of a party, *but not before ninety (90) days* after the mailing of a copy of the award to the parties, the court *shall confirm* an award, *unless* within the time limits hereinafter imposed *grounds are urged for vacating or modifying or correcting the award*, in which case the court shall proceed as provided in sections 13 and 14 of this chapter. Upon confirmation, the court shall enter a judgment consistent with the award and cause such entry to be docketed as if rendered in an action in the court.

(Emphasis added.)

[17] Confirmation is a purely procedural mechanism by which a court converts an arbitration award into a judgment for enforcement purposes. *Nat'l Wine & Spirits, Inc.*, 976 N.E.2d at 705. But a party "who is aggrieved by the results of

an arbitrator's award is entitled to judicial review of the legality of the award." *Sch. City of E. Chicago, Ind. v. E. Chicago Fed'n of Teachers, Local No. 511, A.F.T.*, 422 N.E.2d 656, 661 (Ind. Ct. App. 1981). Judicial review of arbitration awards is "very narrow in scope." *Droscha v. Shepherd*, 931 N.E.2d 882, 887 (Ind. Ct. App. 2010). An arbitration award can only be set aside on one of the grounds specified in the Indiana Uniform Arbitration Act. *Id.*; *see* I.C. §§ 34-57-2-13(a) (grounds for vacating an award), -14(a) (grounds for modifying or correcting an award). An application to vacate, modify, or correct an award must be made within ninety days after a copy of the award has been mailed to the applicant. I.C. §§ 34-57-2-13(b); -14(a).

[18] Here, the arbitration award was mailed to the parties on May 26. The parties filed their status report and proposed order on May 31. The trial court signed the order confirming the award and entering final judgment on June 1. Baker contends he was deprived of the opportunity to seek judicial review of the arbitration award "through no fault of his own" when the trial court confirmed the arbitration award before ninety days passed. *Appellant's Br.* at 17.

[19] Baker, by counsel, signed the Joint Status Report which requested entry of final judgment on the arbitration award. Under the plain language of Indiana Code Section 34-57-2-12, the trial court should have waited to enter the Final Judgment order until ninety days passed. However, far from being entered "through no fault of [Baker's]," the trial court entered final judgment at Baker's request. *Id.* A "party will not be permitted to take advantage of errors which he himself committed or invited or induced the trial court to commit, or which

were the natural consequences of his own neglect or misconduct." *Batchelor v. State*, 119 N.E.3d 550, 557 (Ind. 2019) (quoting *Jolly v. Modisett*, 275 N.E.2d 780, 782 (Ind. 1971)) (emphasis omitted); *see Baxendale v. Raich*, 878 N.E.2d 1252, 1254 n.2 (Ind. 2008) (applying doctrine of invited error and declining to address argument that trial court erred by failing to enter findings of fact or conclusions thereon when the parties raising the issue "advised the trial court that they did not believe findings and conclusions were necessary").

[20] A party has ninety days to seek judicial review of an arbitration award. Consequently, the trial court must wait ninety days to confirm the award. But Baker signaled he did not intend to contest the arbitration award by joining in the status report requesting entry of final judgment five days after the award was made. This action precludes Baker from now seeking relief on the basis the final judgment was entered prematurely.[7]

## Conclusion

[21] The dispute between Baker and the Pickerings, on its face, is the type of claim subject to the Declaration's arbitration clause and the trial court did not err in compelling arbitration. Any error the trial court committed in confirming the arbitration award and entering final judgment before the statutory ninety days

---

[7] Baker does not request any specific relief as a result of this alleged error. *See Appellant's Br.* at 18.

passed was invited by Baker, so he is entitled to no relief on that basis. The judgment of the trial court is affirmed.

[22] Affirmed.

May, J., and Vaidik, J., concur.

ATTORNEY FOR APPELLANT
Riley L. Parr
Lebanon, Indiana

ATTORNEYS FOR APPELLEES ADAM PICKERING AND KATHLEEN PICKERING
Margaret M. Christensen
Lindsay A. Llewellyn
Dentons Bingham Greenebaum, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE KESSLERWOOD EAST LAKE ASSOCIATION, INC.
Crystal G. Rowe
Michael E. Brown
Kightlinger & Gray, LLP
New Albany, Indiana